**Geraldine L. FLANAGAN, Individually and as heir of Claire Lux, Deceased, et al., Plaintiffs,**

v.

**McDONNELL DOUGLAS CORPORATION and United States of America, Defendants.**

**Huseyin MUSTAFA, Individually, and Serife Mustafa, Individually, and as heirs of Nebil Mustafa, Deceased, Plaintiffs,**

v.

**McDONNELL DOUGLAS CORPORATION et al., Defendants.**

**Maria PERNIAS and Atilio Cerimedo, Plaintiffs,**

v.

**McDONNELL DOUGLAS CORPORATION et al., Defendants.**

**Liliana Monica PERNIAS, Plaintiff,**

v.

**McDONNELL DOUGLAS CORPORATION et al., Defendants.**

Nos. CV–74–808–PH, CV–76–2559–PH, CV–76–3501–PH and CV–74–2065–PH; MDL No. 172.

United States District Court, C. D. California.

Jan. 19, 1977.

F. Lee Bailey, Boston, Mass., and Aaron J. Broder by Seymour Madow, New York City, Butler, Jefferson, Fry & Dan by James G. Butler, James M. Jefferson, Jr., Robert P. Fry, Michael A. K. Dan, Moses Lebowitz, Chase, Rotchford, Drukker & Bogust by Henry J. Bogust, Los Angeles, Cal., Goldfarb & Singer, Washington, D.C., Green Royce & Seaman by Irving H. Green, Beverly Hills, Cal., Hodge & Hodges by John R. Skoog, Los Angeles, Cal., Horgan & Robinson by Mark P. Robinson, Los Angeles, Cal., Kreindler & Kreindler by Lee S. Kreindler, Marc S. Moller, Melvin I. Friedman, New York City, Krutch, Lindell, Donnelly, Dempcy, Lageschulte & Judkins, P. S., by Richard F. Krutch, Vernon T. Judkins, Seattle, Wash., Lewis, Wilson, Cowles, Lewis & Jones, Ltd. by Richard H. Jones, Arlington, Va., McGrail & Nordlund by Joseph V. McGrail, Alexandria, Va., Magana, Cathcart & McCarthy by Daniel C. Cathcart, James J. McCarthy, Los Angeles, Cal., Morgan, Wenzel & McNicholas by Wm. Marshall Morgan, Los Angeles, Cal., David Noble, Los Angeles, Cal., Paul, Weiss, Rifkind, Wharton & Garrison by Joseph S. Iseman, John J. O'Neil, New York City, Shahin & Wawro by James Wawro, Los Angeles, Cal., Sherman & Schwartz by Arthur Sherman, Beverly Hills, Cal., Speiser & Krause by Stuart M. Speiser, Charles F. Krause, New York City, Speiser, Krause & Madole by Donald W. Madole, A. George Glasco, Juanita M. Madole, Washington,

D.C., Walkup, Downing & Sterns by Gerald C. Sterns, Thomas G. Smith, San Francisco, Cal., Walsh & Levine by Laurence W. Levine, New York City, for plaintiffs.

Kirtland & Packard by Robert C. Packard, Jacques Soiret, Los Angeles, Cal., Mendes & Mount by James M. FitzSimons, Joseph J. Asselta, New York City, Tuttle & Taylor by William A. Norris, Joseph R. Austin, Charles B. Rosenberg, Ronald C. Peterson, Los Angeles, Cal., Belcher, Henzie & Biegenzahn by Leo J. Biegenzahn, Los Angeles, Cal., for McDonnell Douglas.

Overton, Lyman & Prince by Fred S. Lack, Jr., Brenton F. Goodrich, Gregory A. Long, Ernest E. Johnson, Los Angeles, Cal., for General Dynamics.

Adams, Duque & Hazeltine by Thomas F. Call, Los Angeles, Cal., Condon & Forsyth by George N. Tompkins, Jr., Desmond T. Barry, Jr., Frank A. Silane, New York City, Latham & Watkins by Philip F. Belleville, A. Victor Antola, Thomas L. Harnsberger, Los Angeles, Cal., Shaw, Pittman, Potts & Trowbridge by Phillip D. Bostwick, Jay H. Bernstein, Washington, D.C., for Turkish Airlines Inc.

William D. Keller, U.S. Atty. by James R. Dooley, Asst. U.S. Atty., Los Angeles, Cal., George E. Farrell, John J. Laughlin, Jr., Herbert L. Lyons, Sp. Attys., Tort Claims Section, Aviation Unit, Civ. Div., Dept. of Justice, Washington, D.C., Neil Eisner, Federal Aviation Administration, Washington, D.C., for the United States.

### CONSOLIDATED MEMORANDUM AND ORDERS

PEIRSON M. HALL, Senior District Judge.

This consolidated memorandum is required because the *Flanagan* case permeates all the cases; and the *Mustafa* and the two *Pernias* cases are concerned with the tolling of the California Statute of Limitations in wrongful death cases. Needless repetition is thus avoided.

Among the 346 killed in the March 3, 1974, crash of the DC–10 Turkish Airlines plane near Orly, France, were Pedro Pernias, his wife Ilda Pernias, and their daughter Alejandra Pernias. Liliana Pernias, another surviving daughter, commenced action No. CV–74–2065–PH on July 19, 1974, for their deaths. That action is still pending and has motions pending which are later considered herein.

On November 10, 1976, two years and eight months after the accident, Maria Pernias, the mother of Pedro Pernias, and Atilio Cerimedo, father of Ilda Pernias, commenced the within action, CV–76–3501–PH, for the wrongful death of Pedro and Ilda Pernias.[1] The defendants have filed motions to dismiss on the ground that the one-year statute of limitations [C.C.P. 340(3)] of the forum state, California, has run. The motions were submitted on January 10, 1977, on the pleadings, files and briefs.

The *Flanagan* case (CV–74–808–PH) was filed on March 27, 1974, seeking a class action on liability *only* and certified as such on August 8, 1974; but no action has been taken by the Court as a class action for the reason that three sets of counsel represented all but about 25 of the 337 decedents involved and, hence, each case was represented by its own counsel; and the actions were consolidated on discovery on liability, but proceeded individually on discovery as to damages. Liability discovery is complete unless something now unforeseen arises, and there are only a negligible number of the 337 deaths involved where discovery is not complete on damages.

In another death case arising from the same accident (*Mustafa*, CV–76–2559–PH), the Court filed its Order and Judgment on October 8, 1976, overruling the defendants' motions to dismiss. A copy of that Order is attached as Exhibit A.

Inasmuch as the law in the Ninth Circuit is that the *filing* of a case seeking certifica-

---

1. The case comes before the undersigned on our Local Low-Number Rule, 2(g), and not by transfer under MDL, 28 U.S.C. § 1407.

tion as a class action tolls the statute of limitations until there is an order to the contrary [*Utah v. American Pipe & Construction Co. [Weber Basin Water Conservancy Dist.]*, 473 F.2d 580 (9th Cir. 1973), aff'd 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713], the turning point in the *Mustafa* case was, and is whether or not the original class action filed on March 27, 1974, and certified on August 8, 1974, in the *Flanagan* case (CV–74–808–PH) was effectively and finally terminated by the Opinion of the Ninth Circuit Court of Appeals of May 27, 1975, which, in turn, depended on whether or not any mandate was issued by the Ninth Circuit, as directed in that Court's Opinion of May 27, 1975, in the *Flanagan* case (CV–74–808–PH) reversing this Court's holding that the *Flanagan* case was a class action.

Before the above-mentioned ruling of October 8, 1976, in the *Mustafa* case (Exhibit A) denying the defendants' motions to dismiss the plaintiffs' complaint in the within case, the Court had its staff conduct a search of the files[2] in the Paris crash case to see whether or not any such mandate, as ordered by said Opinion of May 27, 1975, had been received from the United States Court of Appeals. No mandate issued by the Court of Appeals has been found, either then or now, directing the decertification of the *Flanagan* case as a class action; and in none of the proceedings had in any of the above cases have any of the parties contended otherwise or referred to the Order of the Supreme Court of April 5, 1976, hereinafter referred to.

Since making the Order of October 8, 1976, in the *Mustafa* case (CV–76–2559–PH), this Court, upon inquiry to plaintiffs' counsel, was advised on December 16, *1976,* that on December 15, *1975,* they had filed a Petition for Certiorari with the United States Supreme Court seeking reversal of the said May 27, 1975, Opinion of the Unit-

ed States Court of Appeals for the Ninth Circuit in the *Flanagan* case (CV–74–808–PH), and that on or about April 5, 1976, they received a telegram and a confirming letter from the Clerk of the Supreme Court advising them that their Petition for Certiorari had been denied; and that they had, at no time, ever received a copy of, or been advised of the issuance of, any mandate from either the Ninth Circuit or the Supreme Court.

Since the ruling on October 8, 1976, in the *Mustafa* case (CV–76–2559–PH), the *Pernias* case (CV–76–3501–PH), also arising out of the Paris crash, as noted above, was filed on November 10, 1976, two years and eight months after the crash. Motions to dismiss that action have precipitated another search of the Clerk's files, which has just produced a certified copy of an Order of the Supreme Court dated April 5, 1976, denying plaintiffs' Petition for Certiorari, which was transmitted to the Ninth Circuit and received by its Clerk on April 12, 1976, and received by the Clerk of this Court on April 23, 1976. A copy is attached as Exhibit B.

While technically the receipt of a copy of the Order of the Supreme Court is not the same as the mandate ordered issued by the United States Court of Appeals in its May 27, 1975, Opinion, it has the same effect as the issuance by the Court of Appeals of a mandate, inasmuch as the denial of certiorari by the Supreme Court places finality on the appeals; and the issuance of a mandate by the Clerk of the United States Court of Appeals would be an idle act. This Court's certification of the *Flanagan* action as a class action (CV–74–808–PH) when filed was effective *either* until the United States Court of Appeals issued its mandate on the May 27, 1975, Opinion, *or* the Supreme Court acted finally on the Petition for Certiorari by denial thereof. By our Local Rule 31, the Order of the

2. The judge's copies of the files in the Paris crash cases occupy 10 filing cabinet drawers full of pleadings and related matters, not including depositions or discovery material; and in the Pago Pago air crash cases, pending at the same time before the undersigned judge, the same kind of files, without depositions or dis-covery materials, occupy six filing cabinet drawers; to say nothing of five five-drawer filing cabinets of files in the Alaska crash cases, tag ends of which, and others, are pending. So it is not surprising that documents could be overlooked.

Supreme Court should have been calendared for spreading forthwith after its receipt by this Court on April 23, 1976, and it would have been forthwith spread.

## THE FLANAGAN CASE
(CV–74–808–PH)

Inasmuch as the Order of the Supreme Court had the same effect of finally disposing of the class-action feature of the *Flanagan* case (CV–74–808–PH) as would a special mandate of the United States Court of Appeals issued under the last paragraph of its Opinion of May 27, 1975, and inasmuch as the law does not require idle acts, the Court holds that the receipt on April 23, 1976, by this Court from the Court of Appeals of the certified copy of the Order of the Supreme Court denying certiorari performed the same function as the writ directed to be issued by the United States Court of Appeals in its May 27, 1975, Opinion in the *Flanagan* case (CV–74–808–PH) and effectively and finally disposed of the class-action features of the *Flanagan* case.

Now, therefore, pursuant to said Opinion of the United States Court of Appeals for the Ninth Circuit of May 27, 1975, and the Order of the Supreme Court received by this Court on April 23, 1976,

IT IS HEREBY ORDERED, *sua sponte*, that the *Flanagan* action, No. CV–74–808–PH of this Court, is hereby decertified as a class action *nunc pro tunc* as of April 23, 1976, the date of the receipt by this Court of the Order of the Supreme Court.

The entry of this order does not affect the conduct of the class-action features of the *Flanagan* case, except as to whether or not the Opinion of the Court of Appeals of May 27, 1975, *or* the Order of the Supreme Court received by this Court on April 23, 1976, *stopped the tolling of the California statute of limitations*, and the decision on it will be controlling as to the other cases hereafter discussed, as well as any which may hereafter be filed in dependence on the tolling of California's one-year statute. Thus, immediate appeal should be had from

this Order under 28 U.S.C. § 1292(b) because, if I am wrong, such recently filed cases, and any to come, will be dismissed; and if I am right, they will continue.

Hence, this Court certifies this Order in the *Flanagan* case for an expedited appeal under 28 U.S.C. § 1292(b).

## THE MUSTAFA CASE
(CV–76–2559–PH) [3]

As above indicated and as seen from the Order of October 8, 1976 (Exhibit A) in the *Mustafa* case (CV–76–2559–PH), the conclusions reached in that order turn on the holding that the Opinion of the Ninth Circuit Court of Appeals of May 27, 1975, was not final and binding on this Court because no writ or mandate had been received by this Court as clearly directed in the May 27, 1975, Opinion in the *Flanagan* case (CV–74–808–PH), as permitted to the appellate court by the last clause of the second sentence of Rule of Appellate Procedure No. 41(a).

If there were any proceedings under Rule of Appellate Procedure No. 41(b), this Court was not advised of them, and thus relied upon the failure of any mandate to come down as ordered by the Opinion of May 27, 1975. Where a mandate is specifically ordered and it does not come down, this Court is justified in its conclusion that the appellate court has good reason for withholding it.

■ From the above Order in the *Flanagan* case (CV–74–808–PH), it is seen that the holding by this Court in said Order of October 8, 1976 (Exhibit A) in the *Mustafa* case that the class-action features of the *Flanagan* case (CV–74–808–PH) had not been terminated was in error due to an oversight; and under F.R.Civ.P. 60(a) there being no stay of proceedings in the District Court when an appeal is certified under 28 U.S.C. § 1292(b), the Court, under the terms of F.R.Civ.P. 60(a), hereby corrects the Order of October 8, 1976, *nunc pro tunc* as of

---

**3.** No order is made herein under 28 U.S.C. § 1292(b) because it was done in the Order of

October 8, 1976; and, so far as this Court knows, is still pending.

October 8, 1976, by (1) striking out the word "judgment" on page 2, line 6, of said Order and inserting in place and stead thereof the word "mandate"; and (2) by adding between lines 20 and 21 on page 2 of said Order the following:

"But the receipt by this Court of the Order of the Supreme Court denying certiorari of the said Opinion of May 27, 1975, in the *Flanagan* case (CV–74–808–PH) just as finally and effectively reversed, as of April 23, 1976, the class action holding of this Court in the *Flanagan* case (CV–74–808–PH) as if a mandate had been received from the Circuit Court, as ordered by the last paragraph of its Opinion.

"The suspension of the California one-year statute of limitations in the *Mustafa* case (CV–74–2559–PH) began with the date of filing of the complaint, viz., March 27, 1974, in *Flanagan* (CV–74–808–PH), *Utah v. American Pipe*, 473 F.2d 580 (9th Cir. 1973), aff'd 414 U.S. 538, [94 S.Ct. 756, 38 L.Ed.2d 713] and continued until the effective filing of the Order of the Supreme Court on April 23, 1976.

"The crash occurred on March 3, 1974: Thus, 24 days of the statute ran *before* the filing of the complaint on March 27, 1974. The statute resumed running on April 23, 1976. The complaint in *Mustafa* (CV–76–2559–PH) was filed August 10, 1976. Between April 23, 1976, and August 10, 1976, three months and 17 days of the California one-year statute [C.C.P. 340(3)] was consumed, for a total of something over four months of the California one-year statute of limitations.[1]

"[1] Subtracting the 24 days of the statute which ran before the *Flanagan* case (CV–74–808–PH) from the California one-year statute leaves 341 days of the one year remaining after April 23, 1976 (the date of filing the Supreme Court Order), which, by the calculations of the undersigned, closes the California statute on March 17, 1977.

"Thus, the suit in *Mustafa* was timely filed and should not be dismissed if plaintiffs in *Mustafa* (CV–76–2559–PH) were within the class defined in *Flanagan*.

"The plaintiffs allege that they were 'dependent parents' and thus within the class defined in *Flanagan* (CV–74–808–PH). Defendant McDonnell Douglas asserts that the California statute did not permit dependent parents to sue until a Section 377 amendment in August, 1975. The defendant is clearly in error as the statute had been amended in 1968 and, at the time of the crash, read:

"'When the death of a person . . . is caused by the wrongful act or neglect of another, his heirs, and his *dependent parents, if any, who are not heirs*, . . . may maintain an action for damages against the person causing the death, . . . The respective rights of the heirs and dependent parents in any award shall be determined by the court. . . .' (Emphasis added.)

"The 1975 amendments to the California Code of Civil Procedure simply recast the language of the whole section as to dependent parents.[2]

[2] The 1975 amendment of California C.C.P. 377 added the 'putative spouse, children of the putative spouse, and stepchildren' to those having a right to sue for wrongful death.

"The pertinent part of the 1975 amendment follows:

"'(a) When the death of a person is caused by the wrongful act or neglect of another, his or her heirs or personal representatives on their behalf may maintain an action for damages against the person causing the death. . . .

"'(b) For the purposes of subdivision (a), "heirs" means the following:

"'(1) . . .

"'(2) Whether or not qualified under paragraph (1), *if they were dependent* on the decedent, the putative spouse, children of the putative spouse, stepchildren, and *parents*. . . .' (Emphasis added.)

"Thus, the plaintiffs are within the California statute of limitations and within the class described in *Flanagan* (CV–74–808–PH), and the defendants' motions

to dismiss ought to be and are hereby denied."

█ The Turkish Airlines filed a separate motion to dismiss, asserting that under the Warsaw Convention[4] the action was not timely filed, because Article 29 of the Warsaw Convention fixes the statute at two years. But Warsaw by the same article provides:

"(2) *The method of calculating the period of limitation shall be determined by the law of the court to which the case is submitted.*" (Emphasis added.)

As pointed out above, (1) the method of calculating the period of limitation is under California law; and (2) under the California method there was a suspension of the California statute, so that it does not expire until March 17, 1977.

Turkish Airline's motion to dismiss is thus ordered overruled.

### PERNIAS CASE CV–76–3501–PH

In this case, as in the *Mustafa* case (CV–76–2559–PH), the plaintiffs are alleged to be dependent parents.

The argument of McDonnell Douglas that "dependent parents" were not heirs under California Probate Code Section 222, and were thus not entitled to sue, is without merit in view of the specific grant, in California C.C.P. 377, to dependent parents "who are not heirs" to sue in wrongful death actions. The point is groundless and is overruled.

All the other grounds of dismissal raised in this case were raised and overruled in the *Mustafa* (CV–76–2559–PH) case and need not be repeated here. The same result is required and, hence,

IT IS HEREBY ORDERED that the motions of defendants are denied, with 30 days to answer or otherwise plead.

For the reasons set forth in the order of October 8, 1976, in the *Mustafa* case (CV–76–2559–PH), the Court hereby certifies this case for an expedited appeal from 28 U.S.C. § 1292(b).

### LILIANA PERNIAS CASE, CV–74–2065–PH

As hereinbefore noted, this case was filed on July 19, 1974, by Liliana Pernias, the daughter of Pedro and Ilda Pernias, who were killed, along with their daughter Alejandra Pernias, in the Paris air crash of March 3, 1974. It was filed well within the California statute of limitations.

The matter now before the Court is a motion on the part of the mother of Pedro Pernias and the father of Ilda Pernias, who filed a separate action in CV–76–3501–PH, as hereinabove noted, as surviving dependent parents. They, and their granddaughter Liliana, also seek to amend the complaint in the within case, CV–74–2065–PH, by adding them as plaintiffs and relating the amendment back to the date of filing of the original complaint in action No. CV–74–2065–PH on July 19, 1974, under F.R.Civ.P. 15(c).

█ While it is a uniform rule that a *new* cause of action will not relate back to the date of the original complaint, *Hageman v. Signal L. P. Gas, Inc.*, 486 F.2d 479 at 483 (6th Cir. 1973); *Standard Oil Co. of Calif. v. Perkins*, 396 F.2d 809, 814 (9th Cir. 1968), reversed on other grounds, 395 U.S. 642, 89 S.Ct. 1871, 23 L.Ed.2d 599 (1969), rehearing denied, 396 U.S. 871, 90 S.Ct. 36, 24 L.Ed.2d 126 (1969); *United States v. Western Casualty & Surety Co.*, 359 F.2d 521 (6th Cir. 1966), the situation is different here. Under the California law there can be only one recovery i. e., a single judgment, for wrongful death, and the distribution is required to be made by the Court. Whatever rights the parents have "arose out of the . . . occurrence set forth . . . in the original pleading," viz., the deaths occurring in the air crash of March 3, 1974. Thus the proposed amendment re-

---

4. Turkish Airlines (THY) is a national of Turkey which did not sign, ratify, or adhere to the Warsaw Convention; but the question of THY's right to claim its benefits is not, and is not necessary to be, reached here.

lates back to the date of filing the original complaint, July 19, 1974.

As hereinbefore set forth, the statute of limitations does not expire in this case until March 17, 1977. Thus, while the parties are entitled to have their amendment relate back to the original complaint in case No. CV–74–2065–PH, it is immaterial because they nevertheless are within the period of the statute.

IT IS HEREBY ORDERED that the objections to filing the amended complaint are overruled, and the motion to file it is granted.

This Court is of the opinion that the within Order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, and certifies the within holding for expedited appeal under the provisions of 28 U.S.C. § 1292(b).

Exhibit A

ORDER DENYING DEFENDANTS McDONNELL DOUGLAS CORPORATION, GENERAL DYNAMICS CORPORATION, AND TURKISH AIRLINES, INC., MOTIONS TO DISMISS PLAINTIFFS' COMPLAINT AND CERTIFYING ACTION UNDER 28 U.S.C. § 1292(b)

PEIRSON M. HALL, Senior District Judge.

This case involves a death which occurred in the Paris air crash of March 3, 1974. The complaint was filed August 10, 1976, more than the one year allowed by the statutes of California in a death case. C.C.P. 340(3).

In 1974 the Flanagan case, where the death arose out of the same accident, was filed as a class action; and on August 6, 1974, this court made its order determining that it should be maintained as a class action on liability only. The defendants appealed *and* filed a petition for mandamus or prohibition, which the appellate court, by opinion, reversed and *issued its judgment dismissing the appeal only.* A copy is attached.

Rule 41(a) of the Rules of Appellate Procedure provides:

". . . A certified copy of the judgment and a copy of the opinion of the court, if any, and any direction as to costs shall constitute the mandate *unless* the court directs that a formal mandate issue. . . ." (Emphasis added).

The judgment of the Court of Appeals issued on May 27, 1975 (Court of Appeals Nos. 74–2663 and 74–2918, District Court No. 74–808–PH), says nothing about the writs of mandamus or prohibition; (C.A. Nos. 74–2639 and 74–2679) only the appeal; and nothing in the opinion indicates that it serves as a writ of mandamus to this court under Rule 41. In fact, the last paragraph of the opinion of the appellate court strictly complies with the last clause of Rule 41(a) above. The last paragraph of the opinion states:

"A writ of mandamus *shall issue* ordering the district court to vacate its certification of a class action under Rule 23(b)(1)(A), (b)(1)(B) and (b)(2) of the Federal Rules of Civil Procedure. The appeals shall be dismissed as moot." (Emphasis added.)

No such order has ever been received by this court.

Rule 23(e) of the Federal Rules of Civil Procedure provides:

"A class action shall not be *dismissed* or compromised without the approval of the court, and *notice* of the proposed dismissal or compromise shall be *given to all members of the class* in such manner as the court directs." (Emphasis added.)

It thus appears to this court that, under F.R.Civ.P. 23(e), this court cannot dismiss any case that is filed, even though beyond the statute of limitations, if that case comes within the class defined in the order determining that action to be a class action and no notice of a proposed dismissal was "given to all members of the class."

The order determining the action to be a class action defines the class as follows:

"The class for whose benefit this action is maintained is defined to include all heirs, beneficiaries, and personal representatives of the passengers aboard the aircraft. All cases heretofore or hereafter filed are hereby severed as to liability and damages and consolidated on the issue of liability."

The plaintiffs, by the allegations of their complaint, come within that class, and no notice of a proposed dismissal was given to all members of the class.

The rationale behind the notice *before* dismissal is to permit the members of the class to protect themselves by separate suit and not lose those rights, when the trial court has previously made a determination that the class action is proper and that they are within that class.

Therefore, good cause appearing,

IT IS HEREBY ORDERED that defendants' motions to dismiss this action on the ground that it is barred by the applicable statute of limitations are hereby denied.

While the court does not think it necessary for the plaintiffs to allege that they knew of and depended on the class action, it is a point which the court thinks should be promptly settled on appeal. The court thus certifies, under 28 U.S.C. § 1292(b), that in the court's opinion the within order involves a controlling question of law as to this case as to which there may be substantial difference of opinion and that an immediate appeal may materially advance the ultimate termination of the litigation involved in this suit.