Attaya H. JOSEPH et al., Plaintiffs,

v.

SYRIAN ARAB AIRLINES and Egypt Air Lines, Defendants.

Civ. A. No. 80–2052.

United States District Court,
S. D. New York.

Aug. 19, 1980.

## MEMORANDUM OPINION

MOTLEY, District Judge.

Defendant Egypt Air Lines has moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. The court finds that the plaintiffs' claim against defendant is barred by the applicable statute of limitations, and therefore the motion for summary judgment dismissing the complaint is granted.

Plaintiffs' cause of action arose out of a plane trip by plaintiffs from Damascus, Syria to New York, New York. On September 30, 1976, plaintiffs checked their luggage in Syria and left there on an aircraft alleged to be owned and operated by Egypt Air Lines (EgyptAir), for Cairo, Egypt. From Cairo plaintiffs flew on Czechoslovak Airlines to New York, arriving on October 1, 1976. Upon arriving in New York, plaintiffs found that their luggage was lost.

Plaintiffs commenced a suit in the Supreme Court, New York County on March 28, 1978 against Czechoslovak Airlines. Czechoslovak later removed the action to the Southern District of New York and on October 25, 1978, filed a third party action against Syrian Arab Airlines. On January 24, 1979, Syrian filed a fourth party action against Egypt Air Lines.

On January 23, 1980, Judge Gagliardi of this court issued an order based on the written consent of attorneys for all four parties. Therein he noted that all claims asserted in that action had been settled. The action by plaintiff against Czechoslovak was discontinued with prejudice. Also the actions of Czechoslovak against Syrian and of Syrian against Egypt were discontinued without prejudice.

On March 27, 1980, plaintiffs commenced the instant action against Syrian Arab Airlines and Egypt Air Lines seeking damages arising out of the same incident for which damages were sought in the earlier action.

Plaintiffs allege in this action that defendants breached their contractual obligation to safely transport plaintiffs' luggage and deliver it to them at the conclusion of

Shea & Gould, New York City, for plaintiffs.

Harry Litwin, New York City, for defendants.

their passage on defendant's airline. Plaintiffs also allege that defendants were grossly negligent in caring for plaintiffs' luggage in that defendants mismarked the luggage thus causing it to deviate from its proper destination. Accordingly, plaintiffs seek to recover damages for the lost luggage.

The alleged loss is covered by the terms of the Warsaw Convention, 49 Stat. 3000 TS 876, 49 U.S.C. § 1502 note Article 1(1) provides in relevant part that

> This convention shall apply to all international transportation of persons, baggage or goods performed by aircraft for hire....

The flight upon which plaintiffs traveled and on which their baggage was to be transported was a flight from Damascus, Syria to New York, New York. Plaintiffs purchased their tickets for this flight. Thus the incident in question was "international transportation of...baggage...by aircraft for hire" and comes within the purview of the Warsaw Convention. Article 18 of the Convention makes the carrier liable for loss of or damage to checked baggage.

The Warsaw Convention, as a treaty, preempts local statutes of limitations. *Hepp v. United Airlines, Inc.*, 36 Colo.App. 350, 540 P.2d 1141 (1975). Article 29(1) of the Warsaw Convention sets a two year statute of limitations on actions for damages brought under the authority of the Convention. However, Article 29(2) reads:

> The method of calculating the period of limitation shall be determined by the law of the court to which the case is submitted.

Under Article 29(2), whenever the state law would toll a state statute of limitation, the statute of limitation is tolled under the Warsaw Convention as well. *Flanagan v. McDonnell Douglas Corp.*, 428 F.Supp. 770, 776 (C.D.Cal.1977). Thus it specifically leaves the determination of when the statute of limitation runs to the local law.

In *Isthmian Lines, Inc. v. Rosling*, 360 F.2d 926, 927 (2d Cir. 1966), the Second Circuit noted that the function of statutes of limitations is to give timely notice to the defendant of a claim against him. Also statutes of limitation are designed to spare the courts from litigation on stale claims and to avoid surprising the parties after the facts may have been obscured, witnesses become unavailable, or the evidence is lost. *Chase Securities Corp. v. Donaldson*, 325 U.S. 304, 314, 65 S.Ct. 1137, 1142, 89 L.Ed. 1628 (1945). Since circumstances may arise in which delay is not due to the fault of the plaintiff and in which the defendant is nonetheless given adequate notice of the claim against him, courts must be flexible to assure that the true purpose of the limitation is served. Thus, the reference in Article 29(2) to local law, in this case New York law, for determining the method of calculating the period of limitation is consistent with the purposes of the statute of limitations.

Plaintiffs urge that, according to New York law, their claim against defendants is timely. They contend that commencement of their first action against Czechoslovak Airlines, which was timely, tolled the statute with respect to the defendants in the present action. In support of their position, plaintiffs cite New York Civil Practice Law and Rules (CPLR) § 205(a):

> If an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff...may commence a new action upon the same cause of action within six months after the termination.

Though it is true that the instant action was begun within six months after the termination of the first action, plaintiff's contention that the instant action is timely fails on several points.

The purpose of § 205(a) is to, first, prevent the general statute of limitations from barring recovery because a court has ordered a timely action to be terminated for some technical defect, *Graziano v. Pennell*, 371 F.2d 761, 763 (2d Cir. 1967); and, secondly, to assist the plaintiff who "gives timely notice to his adversary of a present purpose to maintain his rights before the

courts." *Gaines v. City of New York*, 215 N.Y. 533, 539, 109 N.E. 594 (1915).

As noted above, the first action was not terminated by the court because of a technical defect. Rather, the plaintiffs entered into a voluntary discontinuance with Czechoslovak Airlines. Pursuant to § 205(a), the six month extension should not be granted where there is a voluntary discontinuance.

More importantly, defendants in this action were not plaintiffs' adversary in the first action. Plaintiffs sued Czechoslovak Airlines; it was Czechoslovak who sued Syrian Arab Airlines and Syrian who sued Egypt Air Lines. Thus plaintiffs did not give timely notice to Egypt Air Lines in the first action of their claims against them. Parties in the second action must be the same as those in the first action under § 205(a). *See Breen v. State*, 179 Misc. 42, 37 N.Y.S.2d 371 (Ct.Cl.1942). The only exception, inapplicable here, is when parties to the second action are identical in interest with parties to the first action. *Producers Releasing Corp. De Cuba v. Pathe Industries*, 184 F.2d 1021, 1023 (2d Cir. 1950).

The court's equitable jurisdiction to extend the statute of limitations is unavailable in the case at hand. The only instance where the court may use its equity jurisdiction to extend the applicable period is when the defendant either fraudulently conceals the cause of action from the plaintiff, *General Stencils, Inc. v. Chiappa*, 18 N.Y.2d 125, 272 N.Y.S.2d 337, 219 N.E.2d 169 (1966), or when the defendant induces the plaintiff, by positive misrepresentation, to abstain from the suit until after the statute of limitations has run. *Simcuski v. Saeli*, 44 N.Y.2d 442, 406 N.Y.S.2d 259, 377 N.E.2d 713 (1978). Plaintiffs allege no fraudulent concealment or positive misrepresentation by defendants. Thus the general rule applies that the statute of limitations begins to run when the cause of action accrues and not when it is discovered. *Guild v. Hopkins*, 271 A.D. 234, 63 N.Y.S.2d 522 (1st Dept. 1946), *aff'd*, 297 N.Y. 477, 74 N.E.2d 183 (1947).

Finally, it must be noted that merely because defendant was a fourth party defendant in the first action does not relieve plaintiffs of requirements of the statute of limitations. In *McCabe v. Queensboro Farm Products, Inc.*, 15 A.D.2d 553, 223 N.Y.S.2d 21 (2d Dept. 1961), *aff'd*, 11 N.Y.2d 963, 229 N.Y.S.2d 11, 183 N.E.2d 326 (1962), it was held that if, when the third party action is brought by defendant, plaintiff would have been barred by the statute of limitation from commencing an independent action against the third party defendant, plaintiff is barred from asserting a cause of action through amendment against the third (and fourth) party defendant(s). Thus since, in the prior action, the third and fourth party actions against Syrian Airlines and Egypt Air Lines were begun more than two years after the incident that gave rise to the action, plaintiffs would have been barred from commencing a suit against Syrian or Egypt at that time. Plaintiffs could have sued defendant before two years had lapsed but did not, apparently by their own negligence. Certainly plaintiffs cannot do in this action what they either failed to do or were barred from doing in the first action.

Accordingly, defendant Egypt Air Lines' motion for summary judgment dismissing the complaint against it is hereby granted because of plaintiffs' failure to timely commence the action.