OPINION OF THE COURT
John F. Lawton, J.
Defendant and third-party plaintiff, Circle Air Freight Corp. (hereinafter Circle), in this motion seeks an order dismissing the first and second affirmative defenses contained in the answer of third-party defendant, Iberia Air Lines of Spain (hereinafter Iberia). All other relief sought in defendant and third-party plaintiff’s notice of motion has been previously resolved between movant and third-party defendant, Banco De Santandar.
Third-party defendant Iberia, in response thereto, requests that Circle’s motion to strike its affirmative defenses be in all respects denied.
Iberia’s first affirmative defense states that third-party plaintiff’s complaint fails to state a cause of action. The affirmative defense of failure to state a cause of action is not subject to a motion to strike or dismiss, and, therefore, defendant and third-party plaintiff’s motion in this respect is denied (see, Riland v Todman & Co., 56 AD2d 350 [1st Dept 1977]).
Third-party defendant Iberia’s second affirmative defense asserts that this action is time barred pursuant to the two-year *13 period of .limitations set forth in Warsaw Convention article 29 (49 US Stat 3000, 3021). No factual contentions are set forth in third-party plaintiff’s motion to strike this affirmative defense as to the applicability of the Warsaw Convention to this action, or whether or not the two-year time period has run. Rather, third-party plaintiff asserts that the third-party action is one for contribution from third-party defendant Iberia and, therefore, the two-year period of limitations set forth in the Warsaw Convention is inapplicable. Further, for the purposes of this motion, this court will treat third-party plaintiff’s action to be one solely for contribution without considering whether or not a separate breach of contract action lies.
A claim for contribution or apportionment of damages brought as a third-party action cannot be barred by the Statute of Limitations because the defendant is in effect asserting a claim for indemnification, partial or complete, and, as such, the claim does not actually accrue until payment of the judgment (2A Weinstein-Korn-Miller, NY Civ Prac 1Í 1403.03). A separate action for contribution or apportionment, though, is governed by a six-year Statute of Limitations (CPLR 213) which commences to run at the time of payment of the judgment (Bay Ridge Air Rights v State of New York, 44 NY2d 49 [1978]). Therefore, under New York law, as the cause of action for contribution has not even accrued at this time, it would not be barred by any Statute of Limitations.
A unique question, though, is presented in the case at bar, for we are not dealing with a Statute of Limitations, but rather the two-year condition precedent to suit set forth in the Warsaw Convention (Seguritan v Northwest Airlines, 86 AD2d 658 [2d Dept], affd 57 NY2d 767 [1982]). Further, the Warsaw Convention as a treaty is the supreme law of the land which overrides State laws and policies and must be given a liberal interpretation to foster its apparent purposes (Rosman v Trans World Airlines, 34 NY2d 385 [1974]; Garcia v Pan Am. Airways, 269 App Div 287 [2d Dept 1945], affd 295 NY 852 [1946]). Warsaw Convention article 29 provides that:
“(1) The right to damages shall be extinguished if an action is not brought within 2 years, reckoned from the date of arrival at the destination, or from the date on which the aircraft ought to have arrived, or from the date on which the transportation stopped.
“(2) The method of calculating the period of limitation shall be determined by the law of the court to which the case is submitted.” *14 Thus, the question posited is whether an action for contribution also must be brought within the two-year period set forth in article 29.
Initially, this court notes that article 29 (2) is inapplicable to this matter: “it is equally clear from the delegates’ discussion that the only matter to be referred to the forum court by paragraph 2 of the present article 29 was the determination of whether the plaintiff had taken the necessary measures within the two-year period to invoke that particular court’s jurisdiction over the action.” (Kahn v Trans World, Airlines, 82 AD2d 696, 709 [2d Dept 1981].)
Secondly, as previously noted, article 29 is not a Statute of Limitations, but rather a condition precedent to bringing suit which cannot be extended or tolled by infancy or other incapacities (Kahn v Trans World Airlines, supra). In Kahn, the Second Department defined as absolute the parameters of Warsaw Convention article 29. “Based upon the foregoing, it is abundantly clear that the delegates to the Warsaw Convention expressly desired to remove those actions governed by the Convention from the uncertainty which would attach were they to be subjected to the various tolling provisions of the laws of the member States, and that the two-year time limitation specified in article 29 was intended to be absolute — barring any action which had not been commenced within the two-year period.” (Kahn v Trans World Airlines, supra, at p 709.) Thus, under the Kahn rationale, any action which would include an action for contribution must comply with the two-year period limitation set forth in Warsaw Convention article 29.
This conclusion is further bolstered by the. plain language of Warsaw Convention article 24 (1) which provides: “(1) In the cases covered by articles 18 and 19 any action for damages, however founded, can only be brought subject to the conditions and limits set out in this convention.” Warsaw Convention article 18 deals with liability as to damages to baggage or any goods which arguably may fall within the parameters of the case at bar. Thus, the provisions of article 24, being liberally construed to effectuate its purposes, to wit, to limit the liability of air carriers (Rosman v Trans World Airlines, supra), an action “however founded” would include an action for contribution and would, therefore, be subject to the aforesaid conditions and limitations of the Convention.
Additionally, defendant has provided to the court the case of Swiss Bank Corp. v First Natl. City Bank (15 Avi 17,631 [SDNY 1979]) which discusses the effect of the New York rules of *15 contribution on the Warsaw Convention. In part, this decision holds that the air carrier’s liability is limited to the amount set forth under the Convention whether the action was a direct one or one for contribution. As stated in Swiss Bank Corp. (supra, at p 17,633): “It is not disputed that Swiss Air’s payment to Swiss Bank represents the full extent of its possible liability under the Warsaw Convention. Any further contribution to Swiss Bank, whether direct or indirect (in the form of a reimbursement to Citibank), would exceed this limit. Accordingly, any claim for contribution by Citibank is barred by ‘the supreme Law of the Land.’ U.S. Const, art. VI, cl. 2.” In a contribution action, under either the New York State Workers’ Compensation Law or the Federal Employees Compensation Act, where despite direct liability to the employee being limited to compensation, a third party may seek and recover in a third-party action for contribution and apportionment of damages, thereby extinguishing in part the exclusivity and liability limitations of the statutes (see, Raymond v Ormsby, 54 AD2d 1021 [3d Dept 1976]; Lockheed Aircraft Corp. v United States, 460 US 190 [1983]). As gleaned in Swiss Bank Corp. (supra) this cannot occur in a contribution action involving the Warsaw Convention, for the liability limitations are immutably set by that treaty. By analogy, if a contribution action does not affect the liability limits of this treaty, such an action also cannot be sustained in contravention of the period of limitation found therein which bars any action not commenced within the two-year period (see, Seguritan v Northwest Airlines, supra; Kahn v Trans World Airlines, supra).
Therefore, for the reasons set forth above, it is the opinion of this court that the two-year period of limitation set forth in Warsaw Convention article 29 is applicable to actions for contribution and the defendant and third-party plaintiff’s motion to strike this affirmative defense is denied.