DATA GENERAL CORP., Plaintiff,

v.

AIR EXPRESS INTERNATIONAL CO., Defendant.

AIR EXPRESS INTERNATIONAL CO., Third–Party Plaintiff,

v.

IBERIA, LINEAS AEREAS DE ESPANA, Third–Party Defendant.

No. 86 Civ. 7633 (CHT).

United States District Court, S.D. New York.

Jan. 7, 1988.

Dougherty, Ryan, Mahoney, Pellegrino, Giuffra & Zambito, New York City, for defendant and third-party plaintiff; John J. Hession, of counsel.

Condon & Forsyth by Michael J. Holland, New York City, Celestino Pena, Rego Park, N.Y., for third-party defendant; Michael J. Holland, Edward C. Dial Jr., Celestino Pena, of counsel.

## OPINION

TENNEY, District Judge.

This is an action brought pursuant to the Convention for the Unification of Certain Rules relating to International Transportation by Air ("Warsaw Convention") 49 U.S.C. § 1502 (1982), for alleged damage to a cargo of computer parts. Plaintiff Data General Corp. ("Data General") commenced this suit against defendant Air Express International Co. ("Air Express") alleging that a shipment of computer parts was negligently damaged by defendant. Thereafter, Air Express filed an action against the third-party defendant, Iberia, Lineas Aereas De Espana ("Iberia") claiming Iberia was responsible for any alleged damage. Iberia now moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the claim against it on the grounds that the action was not filed within the applicable time period under the Warsaw Convention. For the reasons that follow, the court grants Iberia's motion to dismiss.

### Background

The following facts are not in dispute. Data General commenced this action on October 6, 1986 alleging that on October 23, 1984 it delivered to Air Express a shipment of computer parts in good condition. Air Express had agreed to transport the computer parts from New York to Madrid,

Spain. Data General claims that when the shipment was received in Spain, the computer parts were in damaged condition.

Air Express claims that the computer parts were delivered in good condition to Iberia in New York on October 23, 1984. Iberia agreed to ship the computer parts to Spain. The cargo was transported on Iberia flight number 343 from New York to Madrid on October 26, 1984. The cargo arrived in Madrid the same day. It was delivered to the plaintiff in Madrid on November 7, 1984. Air Express alleges that the computer parts were damaged while under the control of Iberia.

Air Express' third-party summons and complaint was filed with the court on May 7, 1987 and served on Iberia on May 19, 1987. Iberia now moves to dismiss the third-party action against it as being time barred.

## Discussion

This matter falls under the provisions of the Warsaw Convention. The Warsaw Convention is applicable in situations involving "all international transportation of persons, baggage, or goods performed by aircraft for hire." Article ("Art.") 1(1).

■ International transportation is defined as "any transportation in which, according to the contract made by the parties, the place of departure and the place of destination ... are situated ... within the territories of two High Contracting Parties...." Art. 1(2). In the instant matter, the place of departure was New York, and the place of destination was Madrid. Both the United States and Spain are "High Contracting Parties" to the Warsaw Convention. Moreover, the contract between Air Express and Iberia provided for "international transportation." Thus, the shipment of the computer parts via Iberia was "international transportation" within the meaning of Art. 1(2). Accordingly, the court finds that the Warsaw Convention is applicable to this litigation.

The Warsaw Convention provides for a carrier's liability for damaged or lost cargo. "The carrier shall be liable for damage sustained in the event of the destruction or loss of, or of damage to, any checked baggage or any goods, if the occurrence which caused the damage so sustained took place during the transportation by air." Art. 18(1).

Since the Warsaw Convention is a treaty, it is the supreme law of the land. U.S. Const. art. VI, cl. 2. *Air France v. Saks,* 470 U.S. 392, 105 S.Ct. 1338, 84 L.Ed.2d 289 (1985); *Exim Indus., Inc. v. Pan American World Airways,* 754 F.2d 106 (2d Cir. 1985); *Smith v. Canadian Pacific Airways, Ltd.,* 452 F.2d 798 (2d Cir.1971). Thus, the Warsaw Convention controls the rights and liabilities of the parties and provides the relevant rules from which the court will make its determination.

Iberia claims that the action against it was not timely filed pursuant to Art. 29(1) and (2). Article 29 states:

(1) The right to damages shall be extinguished if an action is not brought within 2 years, reckoned from the date of arrival at the destination, or from the date on which the aircraft ought to have arrived, or from the date on which the transportation stopped.

(2) The method of calculating the period of limitation shall be determined by the law of the court to which the case is submitted.

■ This provision clearly provides that an action brought pursuant to the Warsaw Convention must be commenced within two years. *Molitch v. Irish Int'l Airlines,* 436 F.2d 42 (2d Cir.1970). However, in this matter the third-party plaintiff is seeking indemnification and asks that the court allow its claim to proceed notwithstanding Art. 29(1). The basic argument is that Art. 29(2) empowers the court to toll the two year limit of Art. 29(1) and allow an equitable exception in this case. Air Express claims that equitable principles should toll the two years because the main action was filed in such a fashion that it had insufficient time to prepare the third-party action

against Iberia.[1] Therefore, the court must determine whether a third-party claim for indemnification or contribution is subject to the two year time limit of Art. 29(1).

Although this circuit has not addressed this issue, it has appeared before this court. In *Split End Ltd. v. Dimerco Express Inc.*, 19 Av.Cas. (CCH) 18,364 (S.D.N.Y.1986) [Available on WESTLAW, 1986 WL 2199], the court held that the two year time limit "constitutes a condition precedent—an absolute bar—to bringing suit, including third-party actions for contribution and indemnification, not commenced within two years." *Id.* at 18,369.

In addition, New York courts have held that Art. 29(2) does not permit the court to toll the two year time limit. In *Kahn v. Trans World Airlines*, 82 A.D.2d 696, 443 N.Y.S.2d 79 (2d Dep't 1981), the court dealt with the question of whether Art. 29(2) permits a tolling of the two year limit based upon the infancy tolling provision of N.Y.Civ.Prac.Law § 208 (McKinney 1972). The court found that the purpose of Art. 29(2) was to ascertain "whether the plaintiff had taken the necessary measures within the two-year period to invoke that particular court's jurisdiction over the action." *Id.* at 709, 443 N.Y.S.2d at 87. Accordingly, the action was dismissed as being untimely filed.

In *L.B. Smith, Inc. v. Circle Air Freight Corp.*, 128 Misc.2d 12, 488 N.Y.S.2d 547 (Sup.Ct. Onondago Co.1985), a third-party action for contribution, the court held that "Article 29 is not a statute of limitations, but rather a condition precedent to bringing suit which cannot be extended or tolled by infancy or other incapacities." *Id.* at 14, 488 N.Y.S.2d at 549.

Some courts have interpreted Art. 29(2) to allow the forum to toll the two year time limit. In *Joseph v. Syrian Arab Airlines*, 88 F.R.D. 530 (S.D.N.Y.1980), the court stated "whenever the state law would toll a state statute of limitations, the statute of limitations is tolled under the Warsaw Convention as well." *Id.* at 532.

Another case following this interpretation is *Flanagan v. McDonnell Douglas Corp.*, 428 F.Supp. 770 (C.D.Cal.1977). In *Flanagan* the court held that the two year statute of limitations can be tolled according to state law. *Id.* at 776.

The court must be guided by the principle that the "Convention is to be construed as to further its purposes to the greatest extent possible, even if that entails rejecting a literal reading." *Benjamins v. British European Airways*, 572 F.2d 913, 918 (2d Cir.1978), *cert. denied*, 439 U.S. 1114, 99 S.Ct. 1016, 59 L.Ed.2d 72 (1979). As an initial matter, the court notes that in situations involving the Warsaw Convention, "the legal interpretation to be given to its terms must be gleaned from the four corners of the treaty, considering its legislative history and the intent of the contracting parties." *Saiyed v. Transmediterranean Airways*, 509 F.Supp. 1167 (W.D. Mich.1981).

In reference to the wording of the provision itself, it is clear and unambiguous. Thus, Art. 29(2) vests the forum court with the power to determine whether the plaintiff complied with the proper method of service within the two year limit. Any other interpretation would contravene an essential purpose of the Warsaw Convention, namely uniformity in international air litigation since the Warsaw Convention is "the universal source of a right of action." *Benjamins*, 572 F.2d at 919.

■ Turning to the intent of the drafters, the court finds that the minutes disclose a clear intent to make the two year limit an absolute bar under the treaty. R.C. Horner and D. Legrez, Minutes of the Second International Conference on Private Aeronautical Law, 110–113 (1975). The minutes reveal that the drafters rejected a provision which would have incorporated the tolling provisions of the forum court. *Id.* Accordingly, the court finds that filing an action within the two year time period is a prerequisite to maintaining an action un-

---

1. The two year time period commenced on November 7, 1984 and terminated on November 7, 1986. Air Express argues that since this action was filed against Air Express on October 6, 1986, and coupled with the fact that the complaint was not served until October 21, 1986 shows that it had inadequate time to file suit against Iberia.

der the Warsaw Convention. Moreover, this prerequisite applies to all actions commenced under the Warsaw Convention and thus is a bar to an action for indemnification or contribution asserted by a third-party.

*Conclusion*

The court finds that this action falls within the dictates of the Warsaw Convention. The court also finds that Art. 29(2) does not allow a local court to toll the two year condition precedent of Art. 29(1). Therefore, the third-party action asserted by Air Express was not commenced timely. Accordingly, the motion of Iberia to dismiss the action against it is granted.

So ordered.