ORIENTAL FIRE AND GENERAL INSURANCE COMPANY, LTD., as Subrogee of Venus Jewel, Plaintiff, v. CITIZENS NATIONAL BANK OF DECATUR *et al.*, Defendants (Citizens National Bank of Decatur, Third-Party Plaintiff-Appellant; Swiss Air Transport Company, Ltd., Third-Party Defendant-Appellee).

First District (1st Division)   No. 1—90—1512

Opinion filed September 23, 1991.

Coffield, Ungaretti, Harris & Slavin, of Chicago, and Kehart, Shafter & Hughes, P.C., of Decatur (J. Timothy Eaton, Michael J. Philippi, A. James Shafter, and Mark D. Gibson, of counsel), for appellant.

Peterson & Ross, of Chicago (J. Robert Geiman and William A. Chittenden III, of counsel), and Condon & Forsyth, of New York (Michael J. Holland and Katherine B. Posner, of counsel), for appellee.

PRESIDING JUSTICE MANNING delivered the opinion of the court:

Citizens National Bank of Decatur (Citizens) filed a third-party claim for contribution against Swiss Air Transport Company (Swiss Air) pursuant to the Illinois Contribution Among Joint Tortfeasors Act (Contribution Act) (Ill. Rev. Stat. 1987, ch. 70, par. 302(a)). The circuit court of Cook County granted Swiss Air's motion to dismiss the third-party claim finding that, as a matter of law, the contribution claim was barred by the two-year limitation period of Article 29 of the Convention for the Unification of Certain Rules Relating to International Transportation by Air Concluded at Warsaw, Poland, October 12, 1929, 49 Stat. 3000 (1934) *reprinted* in 49 U.S.C. §1502 (1976) (Warsaw Convention).

Plaintiff, Oriental Fire & General Insurance Co., Ltd., filed suit on January 7, 1988, against Swiss Air and other defendants, including Citizens, seeking damages for breach of contract in connection with a shipment of cut and polished diamonds which were owned by Venus Jewel, plaintiff's subrogee, and transported by Swiss Air from Bombay, India, to O'Hare International Airport. K's Merchandise Mart, the purchaser of the diamonds, which never received delivery, was to pay Venus Jewel by documentary credit. Citizens was to make payment to Venus Jewel's account upon receipt of certain commercial documents before the diamonds were released to Masterfreight International for shipment to K's Merchandise Mart. Swiss Air issued an airway bill for the diamonds on March 29, 1986, and on April 1, 1986, the shipment arrived at O'Hare in Chicago.

Although Citizens received the commercial documents and directed Swiss Air to release the diamonds, it did not disburse the $198,157.55 payment to Venus Jewel. In its complaint, plaintiff alleged that employees of Masterfreight International signed the documents for release and presented them to Swiss Air and that Swiss Air then released the dia-

monds to these two employees, who converted them. Plaintiff further alleged that Swiss Air breached its contract to deliver the diamonds to the consignee or its authorized agent. Because plaintiff had insured the diamonds, it paid Venus Jewel's insurance claim and sought subrogation against the defendants.

On February 4, 1988, Swiss Air removed the case to the United States District Court for the Northern District of Illinois. The Federal court held that "the case was removed improvidently and without jurisdiction." The removal petition stated that upon Swiss Air's information and belief, no other defendant in the action had been served. However, because Citizens had been served prior to Swiss Air's removal petition, the Federal court held that the petition failed to meet the statutory requirement that all defendants who have been served join in the removal proceedings and remanded the case to the circuit court of Cook County on February 26, 1988.

Swiss Air filed its answer on the basis of the applicability of the Warsaw Convention, and in lieu of filing an answer, Citizens moved to dismiss those counts directed against it, which motion was granted, in part, on August 22, 1988. In the interim, on July 25, 1988, the trial court granted plaintiff's motion to voluntarily dismiss without prejudice its action against Swiss Air since it had an action pending against Swiss Air in Bombay, India.

Thereafter, plaintiff filed an amended complaint on September 19, 1988, against Citizens and others, which did not name Swiss Air as a defendant. Citizens answered the amended complaint on October 19, 1988. On January 17, 1989, Citizens then filed its third-party claim for contribution against Swiss Air. By memorandum and order dated September 18, 1989, the trial court granted Swiss Air's motion to dismiss the third-party claim on the ground that the claim was barred by the two-year limitation period of Article 29 of the Warsaw Convention and finding that the treaty governs the rights and liabilities between the parties.

On appeal, Citizens assert that as its contribution claim against Swiss Air is governed by the Contribution Act, rather than the treaty, it is not limited by the Federal time limitation as set forth in Article 29 of the Warsaw Convention. Moreover, it asserts that in applying Article 29, the trial court's ruling improperly precludes contribution claims before they exist.

Conversely, Swiss Air contends that the rights and obligations of the parties to this action are governed exclusively by the provisions of the Warsaw Convention. Because Article 29 is a condition precedent barring claims against the carrier which have not been brought within two years

from the date of arrival at the destination and Citizens did not properly bring its action within the required time period, the trial court properly dismissed the third-party contribution claim. We agree that Citizens' third-party complaint is barred by the two-year limitation period of Article 29 of the Warsaw Convention and affirm the order of the trial court.

■ It is well settled that where the Warsaw Convention creates the controlling cause of action, it preempts State law in the areas covered. (*Boehringer-Mannheim Diagnostics, Inc. v. Pan American World Airways, Inc.* (5th Cir. 1984), 737 F.2d 456, 458.) In *Pan American*, the question was whether the Warsaw Convention provides the "exclusive liability remedy for international air carriers by providing an independent cause of action, thereby preempting state law, or whether it merely limits the amount of recovery for a cause of action otherwise provided by state or federal law." (*Pan American*, 737 F.2d at 458.) The court in reasoning that the obvious purpose of the Warsaw Convention was to secure uniformity of liability for air carriers, held that the Warsaw Convention created the cause of action and is the exclusive remedy.

■ In the present case, as previously stated, the diamonds were transported by air carrier from Bombay, India, to O'Hare in Chicago, Illinois, U.S.A. Article 1 of the Warsaw Convention provides:

"(1) This convention shall apply to all international transportation of persons, baggage, or goods performed by aircraft for hire. It shall apply equally to gratuitous transportation by aircraft performed by an air transportation enterprise.

(2) For the purposes of this convention the expression 'international transportation' shall mean any transportation in which, according to the contract made by the parties, the place of departure and the place of destination, whether or not there be a break in the transportation or a transshipment, are situated either within the territories of two High Contracting Parties, or within the territory of a single High Contracting Party, if there is an agreed stopping place within a territory subject to the sovereignty, suzerainty, mandate or authority of another power, even though that power is not a party to this convention." Warsaw Convention, Article 1, 49 Stat. 3000 (1934), *reprinted in* 49 U.S.C. §1502 (1988).

Thus, the Warsaw Convention applies to Swiss Air's transportation of the diamonds from India to Chicago.

■ Article 18 defines the liability of the carrier subject to the Warsaw Convention:

"(1) The carrier shall be liable for damage sustained in the event of the destruction or loss of, or damage to, any checked

baggage or any goods, if the occurrence which caused the damage so sustained took place during the transportation by air.

(2) The transportation by air within the meaning of the preceding paragraph shall comprise the period during which the baggage or goods are in charge of the carrier, whether in an airport or on board an aircraft, or, in the case of a landing outside an airport, in any place whatsoever." Warsaw Convention, Article 18, 49 Stat. 3000 (1934), *reprinted in* 49 U.S.C. §1502 (1988).

■ Article 29 of the Warsaw Convention defines the time limitation within which an action subject to the Warsaw Convention may be brought as follows:

"(1) The right to damages shall be extinguished if an action is not brought within 2 years, reckoned from the date of arrival at the destination, or from the date on which the aircraft ought to have arrived, or from the date on which the transportation stopped.

(2) The method of calculating the period of limitation shall be determined by the law of the court to which the case is submitted." Warsaw Convention, Article 29, 49 Stat. 3000 (1934), *reprinted in* 49 U.S.C. §1502 (1988).

In the present case, Swiss Air asserts that the third-party claim is barred by the statute of limitations period of Article 29, while Citizens responds that application of Article 29 could have the incongruous result of extinguishing a contribution claim before it exists, *i.e.*, if a plaintiff waits the full two years before filing an action, a defendant's contribution suit could be time barred before the defendant is served and then defendant would have no opportunity to file a third-party action. Here, however, the two-year period had not expired when Citizens was served. It was served on or about January 13, 1986, and the statute of limitations did not run until on or about April 1, 1986, almost three months following service on Citizens.

■■ We have reviewed the record below, the applicable principles of law and the provisions of the Warsaw Convention. We find that where the Warsaw Convention creates the controlling action, as here, it preempts the State law in the areas covered. Thus, we do not find it necessary to review the question of the applicability of the Contribution Act. Moreover, as will be more fully discussed below, the legislative history of Article 29(2) reflects that the drafters clearly rejected a version of the statute that would have allowed local law to control the running of the limitation period.

Additionally, we believe that the two-year limitations period of Article 29 applies to the present matter. Thus, based upon the construction

and applicability of Article 29 of the Warsaw Convention to the present matter, Citizens' third-party claim for contribution or damages against Swiss Air is time barred. At least two district courts have held that the Warsaw Convention's two-year limitations period does apply. *Magnus Electronics, Inc. v. Royal Bank of Canada* (N.D. Ill. 1985), 611 F. Supp. 436; *Data General Corp. v. Air Express International Co.* (S.D.N.Y. 1988), 676 F. Supp. 538.

In *Magnus*, the court dismissed both the underlying action and the cross-claim as time barred. Plaintiff-seller contracted to sell three generators to a buyer in Buenos Aires in October 1981. According to the airway bill, defendant airline was to transport the generators from Miami to Buenos Aires to be delivered to the defendant-bank, as consignee. The goods were shipped to Argentina to be held by the bank until the buyer made payment in full, at which time the bank was to deliver the goods to the buyer. Either the bank, the airline, or both permitted delivery of the goods to the buyer before full payment. In March 1982 seller entered into a second, similar contract with the buyer, with the same result. On September 5, 1984, seller filed a complaint against the airline and the bank for the unpaid portion of the purchase price. The bank filed a cross-claim against the airline, and the airline moved to dismiss both actions as time barred.

The court rejected the bank's argument that the Warsaw Convention was applicable only to the shipper's (seller's) action and not to the cross-claim as the bank was a consignee, with an independent right of action under the Warsaw Convention. The court granted the motion to dismiss, reasoning "*at the latest* the limitations period begins to run once a party with enforceable rights under a carriage contract knows or has reason to know something has gone wrong with the shipment, be it misdelivery, loss or delay." (Emphasis in original.) (*Magnus*, 611 F. Supp. at 441.) The court held that the bank's claim was subject to the two-year limitation period whether filed as a direct or cross-claim.

In *Data General*, plaintiff alleged that on October 23, 1984, it delivered computer parts to Air Express in New York for shipment to Spain and that the parts were damaged when they arrived in Spain. The complaint was filed on October 6, 1986. On May 7, 1987, Air Express filed a third-party complaint against Iberia, Lineas Aereas De Espana, alleging that Iberia transported the goods to Spain. The court dismissed the third-party complaint as untimely, finding that Air Express was subject to the two-year limitations period of the Warsaw Convention and the statute of limitations ran on November 7, 1986.

The *Data General* court reasoned that the Warsaw Convention is a treaty and the supreme law of the land. Thus, the Warsaw Convention

controls the rights and liabilities of the parties arising under the Warsaw Convention. In determining the intent of the drafters with respect to interpretation of the two-year clause, the court there examined the minutes and concluded because the drafters had rejected a provision that would have incorporated the tolling provisions of the forum court, it believed that the two-year limitation period was a prerequisite to maintaining an action under the Warsaw Convention. As stated above, Article 29(1) provides that the right of action is extinguished if suit is not brought within two years and Article 29(2) leaves to the forum court only the determination of when the suit has been brought.

We note that two older cases which held that Article 29(2) may be tolled under the laws of the forum State (*Joseph v. Syrian Arab Airlines* (S.D.N.Y. 1980), 88 F.R.D. 530; *Flanagan v. McDonnell Douglas Corp.* (C.D. Cal. 1977), 428 F. Supp. 770) were both rejected by *Data General* and another New York Federal case: *Split End, Ltd. & Manufacturers Hanover Trust Co. v. Dimerco Express (Phils) Inc.* (S.D.N.Y. 1986), 19 Avi. 18, 365. *Split End* noted that neither *Flanagan* nor *Joseph* had considered the minutes of the Warsaw Convention and rejected *Joseph's* holding as "contrary to the Convention's legislative history and emphasis on uniform procedures and results in the resolution of international disputes." 19 Avi. at 18,369.

In conclusion, we reiterate that we agree with the holding of the trial court below and its order dismissing Citizens' third-party contribution claim as time barred. Since the Federal courts have dealt specifically with the instant issue of whether the Warsaw Convention's two-year time limitation period applies to third-party actions, as a State court, we adhere to the same rules. As stated by the trial judge, "[T]here is no reason to create an exception here from the two year rule; when Citizens was sued it still had nearly three months remaining of the two year period. Citizens is a sophisticated litigant[.] It simply did not avail itself of an opportunity open to it." We agree. Accordingly, the order of the circuit court granting Swiss Air's section 2—615 (Ill. Rev. Stat. 1987, ch. 110, par. 2—615) motion to dismiss Citizens' third-party claim is affirmed.

Affirmed.

CAMPBELL and O'CONNOR, JJ., concur.