**FEATURE ENTERPRISES, INC., Plaintiff,**

v.

**CONTINENTAL AIRLINES and International Total Services, Incorporated, a/k/a ITS, Inc., Defendants.**

**No. 89 Civ. 1725 (RPP).**

United States District Court, S.D. New York.

Sept. 19, 1990.

Tell, Cheser & Breitbart, Robert Goodman, New York City, for plaintiff.

Kroll & Tract, David C. Kraus, New York City, for defendants.

### AMENDED OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District Judge.

This is a motion by defendants and a cross-motion by plaintiff for summary

judgment pursuant to Federal Rule of Civil Procedure 56.

## BACKGROUND

Plaintiff is a national wholesale jewelry manufacturer based in New York City and sells gold jewelry to major retail chain stores in other cities in the United States. On July 18, 1988, Mr. John Paist ("Paist"), as a salesman for plaintiff, purchased a roundtrip ticket from a travel agent for a flight on defendant Continental Airline ("Continental") from Chicago to Newark, New Jersey and return. The purpose of the flights was to transport plaintiff's jewelry and for Paist to engage in activities in Newark on behalf of plaintiff. On July 27, 1988, Paist arrived at Newark airport to board the Continental flight and return to Chicago.

One of his bags was a jewelry case allegedly containing $175,000 in jewelry belonging to plaintiff. It is undisputed that plaintiff's policy is to transport all jewelry cases as regular passenger luggage without notice to the airline being utilized of the value of the contents. It is also plaintiff's standard operating procedure not to have its employees send jewelry by air freight and not to pay a fee so that any limitation on the airline's liability for the luggage is increased. On July 27, 1988, Paist followed the above company procedures when he checked his bags "at curbside" with a skycap employed by defendant International Total Services, Inc. ("ITS").

Paist has stated in deposition that after receiving the receipt for the jewelry case he turned away and then when he looked back he noticed that the jewelry case was missing. There is no evidence as to where the jewelry is now. There is no evidence that defendants possess the jewelry.

Defendants move for a summary judgment ruling that they have no liability for the lost luggage or, in the alternative, that their liability is limited to $1,250. Plaintiff cross-moves for summary judgment on its claim to full recovery of the value of the jewelry.

## DISCUSSION

Summary judgment is appropriate only if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.

Both parties agree that federal common law governs this dispute over an air carrier's liability. Defendants' first defense is that Continental's tariff and conditions of carriage, which are referenced in the ticket and ticket folder, provided for an exclusion of liability for jewelry applicable to Continental and its agents, servants and representatives. Specifically, defendant relies on Tariff Rule 230(B) and the notice in the ticket folder that Continental will not be liable for jewelry loss. Plaintiff argues that this contention must be dismissed summarily because it is a black letter rule that a common carrier cannot completely exculpate itself from liability. *See, e.g., First Pennsylvania Bank v. Eastern Airlines, Inc.*, 731 F.2d 1113, 1116 (3d Cir. 1984); *Klicker v. Northwest Airlines, Inc.*, 563 F.2d 1310, 1312 (9th Cir.1977).

The Court agrees with plaintiff's contention based upon a reading of the current federal regulations governing interstate air transportation. The federal regulations set forth which conditions of carriage may be incorporated by an airline. *See* 14 C.F.R. § 253.5(b). The list includes "[l]imits on the air carrier's liability" but does not specify exclusions of the air carrier's liability. Moreover, 14 C.F.R. § 254, which governs "domestic baggage liability," states " 'Federal rules require any limit on an airline's baggage liability to be at least $1,250 per passenger.' " It would be illogical for the regulations to outlaw a limitation of less than $1,250, but to permit an exclusion of liability—i.e., zero liability. Although Section 254 does not explicitly prohibit exclusions of liability, the implication is clear. Accordingly, defendants cannot rely on the provision in the tariff and contract of carriage which excludes liability.

Alternatively, defendants move for a summary judgment ruling that their liability is limited to $1,250 based upon the incorporation of Rules 190 and 230(A) of Continental's tariff and conditions of car-

riage. Those rules and the print on Paist's ticket folder set forth a $1,250 limitation per passenger. The print on the ticket folder explicitly states that there is a $1,250 limitation per passenger on domestic flights and the ticket provides for incorporation of the terms of the tariff and conditions of carriage pursuant to 14 C.F.R. §§ 253, 254.

There is no evidence that defendants did not provide notice of the $1,250 limitation in accordance with federal regulations. Indeed specific notice was contained in large print on the ticket folder. There also is no evidence that defendants have not complied with the governing common law rules embodied in the Released Valuation Doctrine. That doctrine provides that an air carrier may validly limit its liability to an agreed value of the goods when: (1) the carrier gives the passengers a fair opportunity to choose between higher and lower liability by paying a greater or lesser fee; (2) the passenger is on notice of the opportunity to pay a higher price for greater coverage and the passenger does not choose to pay for higher coverage; (3) the carrier does not appropriate the property of the passenger for its own use. *See Deiro v. American Airlines*, 816 F.2d 1360 (9th Cir.1987); *Shapiro v. United Airlines*, 22 Avi. 17395 (S.D.N.Y.1989).

The record shows that the first and second elements of the doctrine were satisfied. There was reasonable notice in the ticket of the incorporation of the tariff and conditions of carriage which set forth that liability is limited to $1,250 per passenger "unless a higher value is declared in advance and additional charges are paid." Section 230(C) of the tariff sets forth that the passenger can pay a fee to raise the liability limit "when checking in for a flight and presenting property for transportation." Moreover, under a bold-faced capitalized caption "NOTICE OF BAGGAGE LIABILITY LIMITATIONS," there was a statement on the ticket itself: "Liability for loss, delay, or damage to baggage is limited unless a higher value is declared in advance and additional charges are paid." It is reasonable to presume that a corporation like plaintiff regularly engaged in interstate transport of jewelry would have notice of the provisions for raising liability limitations on lost baggage. Indeed, the written security instructions of the plaintiff to its salespersons shows that it had knowledge of this standard option. Thus, it is not material that Paist may have failed to read the ticket's notice of the means for raising the liability limitation and of the incorporation of the terms of the tariff and conditions of carriage. *See Deiro*, 816 F.2d at 1366. The third element is satisfied because plaintiff has come forward with no evidence to suggest that the carrier has appropriated the jewelry. All the evidence indicates that the sample case was stolen by a third party in the short period while it was "at curbside" and that it was never loaded by the airline or its agents.

■ Even though the defendants' implementation of the $1,250 limitation was in accordance with federal regulatory and common law standards, plaintiff argues that defendants' reliance is misplaced because after the baggage was lost a representative of defendants notified plaintiff that Continental's position was that there was no liability, rather than a limitation on liability. Plaintiff relies on *Klicker, supra*, as the basis for its argument that the representative's statement means defendants cannot rely on the $1,250 limitation in this case.

*Klicker* does not stand for the proposition for which plaintiff cites it. The airline in *Klicker* refused to permit the plaintiff to pay a fee to raise the liability limitation because the airline concluded *prior* to the loss of the baggage that the airline could have no liability rather than just limited liability. Such a refusal to permit a passenger to pay to raise the liability limitation led the *Klicker* court to find a violation of the Released Valuation Doctrine. Here the circumstances are quite different. Plaintiff presents no evidence that plaintiff would have been prevented from raising the $1,250 liability limitation if plaintiff had attempted to do so before checking its baggage. Plaintiff's contention is also without merit because it would not be fair to limit the defenses available to defendants in this

suit based solely on the "no liability" statement of a customer relations representative, who was not a lawyer, after the claim had been presented albeit prior to the start of this litigation.

 Accordingly, Continental's liability is limited to $1,250. The liability of co-defendant ITS is also limited, because ITS acted as Continental's agent and the ticket gave notice to ticket holders that the limitation of liability applied to Continental's agents. *See Baker v. Lansdell Protective Agency, Inc.*, 590 F.Supp. 165 (S.D.N.Y. 1984).

### CONCLUSION

Defendants' motion is granted insofar as it seeks a declaration that defendants' joint liability is limited to $1,250, but in all other respects defendants' motion is denied. Plaintiff's cross-motion is granted insofar as it opposes defendants' contention that there is no liability, but in all other respects plaintiff's cross-motion is denied.

IT IS SO ORDERED.