OPINION OF THE COURT
Madonna Stahl, J.
Plaintiff has brought an action for compensatory and punitive damages resulting from a 10-hour delay in Detroit on April 9, 1995, while he was traveling on defendant’s airline from Tampa, Florida, to Albany, New York.
*892 Defendant moves to dismiss on documentary evidence and/or for summary judgment. Defendant alleges that the terms of the published tariffs prohibit an action at law or equity for compensatory or punitive damages arising from the delay.
The published tariffs, which are incorporated by reference in language printed on plaintiff’s ticket, provide that if defendant fails to operate on schedule it must provide alternate transportation or refund the flight coupons for the unflown portion. These are the "sole and exclusive remedies for a passenger. The passenger shall have no claim at law or equity for compensatory or punitive damages.” (Rule 135 NW of Northwest Airlines, Inc.’s Domestic General Rules Tariff No. DGR-1.)
The sole issue in this case is whether or not the exculpatory clause in the contract is valid. Can defendant, by stating in its published tariff that "the passenger shall have no claim at law or equity * * * for damages,” preclude plaintiff from maintaining this action? I hold that it cannot.
The parties agree that Federal common law governs the validity of an air carrier’s liability.
The Federal rules and regulations promulgated under the Federal Aviation Act authorize the airlines to file tariffs with the Civil Aeronautics Board which then, upon proper notice, may be incorporated by reference into their contract with passengers.
"The tariff constitutes the incorporated terms of the contract between passenger and airline, and 'if valid, conclusively and exclusively govern[s] the rights and liabilities between the parties.’ ” (Gluckman v American Airlines, 844 F Supp 151, 160 [1994] [citations omitted] [emphasis added].)
Federal courts have also held that there is a "black letter rule” that a common carrier cannot completely exculpate itself from liability. (See, Feature Enters. v Continental Airlines, 745 F Supp 198 [SD NY 1990]; First Pennsylvania Bank v Eastern Airlines, 731 F2d 1113, 1116 [3d Cir 1984]; Klicker v Northwest Airlines, 563 F2d 1310, 1312 [9th Cir 1977].)
Defendant’s reliance on the holding in Chendrimada v Air India (802 F Supp 1089, 1092 [SD NY 1992]) is misplaced. That case involved an international flight which is governed by the Warsaw Convention. The case at bar was a domestic flight.
This court concludes that plaintiff is not precluded by the terms of the tariff, incorporated by reference in the contract, from maintaining an action for breach of contract and negligence. Defendant’s motion to dismiss the first two causes of action is denied.
*893 The motion for summary judgment on plaintiffs third cause of action, pertaining to the "World Perks” program, is also denied. There are genuine issues of material fact which exist.