Celine Lanselle, Respondent,
against
Lufthansa German Airlines, Appellant. 




D'Ambrosio & D'Ambrosio, P.C. (James J. D'Ambrosio of counsel), for appellant.
Celine Lanselle, respondent pro se (no brief filed).

Appeal from a judgment of the District Court of Nassau County, First District (Joseph B. Girardi, J.), entered December 8, 2017. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $735.




ORDERED that the judgment is reversed, without costs, and the matter is remitted to the District Court for the entry of a judgment dismissing the action.
In this small claims breach of contract action, plaintiff seeks to obtain reimbursement from defendant airline of the cost of an airplane ticket plaintiff cancelled prior to departure. At a nonjury trial, plaintiff testified that she had purchased a ticket that she had believed was advertised as refundable and had cancelled her ticket based on that belief. Defendant's witness testified that the ticket plaintiff purchased online was a nonrefundable economy fare ticket and plaintiff had to accept the terms and conditions of the ticket prior to confirming her purchase. Defense counsel also argued that plaintiff's claim is preempted by federal law, specifically, the Airline Deregulation Act of 1978 (ADA) (49 USC § 41713). The District Court ruled that it did not have to follow federal law and that defendant's advertisement had led plaintiff to purchase a ticket she believed was refundable. Defendant appeals from a judgment in favor of plaintiff in the principal sum of $735.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UDCA 1807; see UDCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125, 126 [2000]).
With the enactment of the ADA, air transit was largely deregulated (see American Airlines, Inc. v Wolens, 513 US 219 [1995]). The ADA contains a "preemption clause" (see 49 [*2]USC § 41713 [b] [1]) as well as a "saving clause" (see 49 USC § 40120 [c]), which, when read together, prohibit states from "imposing their own substantive standards with respect to rates, routes, or services" (American Airlines, Inc. v Wolens, 513 US at 232). "This distinction between what the State dictates and what the airline itself undertakes confines courts, in breach-of-contract actions, to the parties' bargain, with no enlargement or enhancement based on state laws or policies external to the agreement" (id. at 233). The federal act also preempts many state laws regulating the airline industry with respect to state-based consumer protection claims for passengers (see Northwest, Inc. v Ginsberg, 572 US 273 [2014]; see also Morales v Trans World Airlines, Inc., 504 US 374 [1992]).
The evidence established that plaintiff had to agree to the terms and conditions of her nonrefundable economy ticket prior to her online purchase, and she is charged with knowledge of those terms and conditions (see 14 CFR 253.5; see also Feature Enterprises, Inc. v Continental Airlines, 745 F Supp 198 [1990]). Inasmuch as the District Court failed to follow controlling federal law that a commercial airline passenger is bound by the contractual provisions agreed to when purchasing his/her ticket, the judgment in favor of plaintiff failed to render substantial justice (see UDCA 1804, 1807).
Accordingly, the judgment is reversed and the matter is remitted to the District Court for the entry of a judgment dismissing the action.
ADAMS, P.J., TOLBERT and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 15, 2019