Sally FISCHER, Executor of the Estate of William Hawley, deceased, Plaintiff,

v.

NORTHWEST AIRLINES, INC., a corporation, Defendant.

No. 85 C 8432.

United States District Court, N.D. Illinois, E.D.

Dec. 12, 1985.

Robert B. Patterson, Drumke & Patterson, Ltd., Chicago, Ill., for plaintiff.

Robert J. Verrando, James F. Murphy, Conklin & Adler, Ltd., Chicago, Ill., for defendant.

## MEMORANDUM ORDER

BUA, District Judge.

Before this Court is defendant Northwest Airlines' (Northwest) motion to dismiss. Northwest moves to dismiss the complaint for its failure to state a claim upon which relief can be granted pursuant to Federal Rule 12(b)(6). Plaintiff Fischer, executor of the estate of William Hawley, brings this action to recover damages allegedly resulting from Northwest's negligent operation of its airline. For the reasons stated herein, this Court grants Northwest's motion to dismiss Counts II and III of plaintiff's complaint.

## FACTS

The following facts are alleged in plaintiff's complaint. They are considered to be true for purposes of this order.

On August 27, 1983, Hawley was a passenger on Northwest's nonstop flight from Chicago's O'Hare Airport to Kimpo Airport in Seoul, Korea. Hawley suffered a severe heart attack during the flight. Hawley immediately lapsed into unconsciousness. He never regained consciousness. Hawley died shortly thereafter.

Fischer originally filed her claim in the Circuit Court of Cook County, Illinois. The suit was later removed to this Court.

## DISCUSSION

The guidelines used in considering a motion to dismiss a complaint for failure to state a claim are well defined. On a motion to dismiss, a complaint must be construed in the light most favorable to the plaintiff, the allegations thereof being taken as true. *Mathers Fund, Inc. v. Colwell,* 564 F.2d 780, 783 (7th Cir.1977). A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to the requested relief. *Cruz v. Beto,* 405 U.S. 319, 322, 92 S.Ct. 1079, 1081, 31 L.Ed.2d 263 (1972).

## COUNTS II AND III

Northwest moves to dismiss Fischer's claim for failure to state a claim upon which relief can be granted. Northwest argues that Hawley's heart attack was not proximately caused by an "accident" and is therefore not compensable under Article 17 of the Warsaw Convention. Fischer contends Hawley's death was caused by an accident as defined by the Warsaw Convention.

Article 17 of the Warsaw Convention makes air carriers liable for injuries sustained by a passenger "if the accident which caused the damage ... took place on board the aircraft or in the course of any of the operations of embarking or disembarking." 49 U.S.C.A. § 1502 note. Northwest is liable to Fischer under the terms of the Warsaw Convention only if Fischer can prove that an "accident" was the cause of Hawley's injury.

In *Air France v. Saks,* — U.S. —, 105 S.Ct. 1338, 84 L.Ed.2d 289 (1985), the Supreme Court defined the term accident. The court held that liability under Article 17 of the Warsaw Convention arises only if a passenger's injury is caused by an unexpected or unusual event or happening that is external to the passenger. The *Air France* court reasoned that an accident does not cause an injury when an injury indisputably results from a passenger's own internal reaction to the usual, normal, and expected operation of the aircraft.

■ In the instant case, Hawley's heart attack and subsequent death were not the result of any unusual or unexpected external event connected with the flight. Hawley's ill health was an internal disability and was not the result of an unusual or unexpected occurrence connected with the flight. Hawley's injury does not fall within the scope of injuries contemplated by the Warsaw Convention. Therefore, no accident caused Hawley's injury and Northwest is not liable under the Warsaw Convention.

■ Fischer's second argument asserts that the airline's refusal to aid Hawley after his heart attack was the "accident" that caused the injury. This Court disagrees. The United States Court of Appeals for the Third Circuit rejected this argument in *Abramson v. Japan Airlines, Co., Ltd.,* 739 F.2d 130 (3d Cir.1984). The *Abramson* court held that a hernia injury not caused by any external events was internal to the passenger and not an accident under Article 17 of the Warsaw Convention. The court also held that the airline's refusal to aid the passenger after he suffered the hernia attack was not an accident. The Third Circuit found that the failure to aid the stricken passengers was not an occurrence tantamount to other occurrences treated as "accidents" under the Convention. *Id.* at 132–133.

## COUNT I

Finally, Fischer argues that her complaint should not be dismissed in its entirety. Fischer claims Count I of the complaint alleges a cause of action for negligence independent of the Warsaw Convention claim. Moreover, Fischer argues that Count I states a claim upon which relief can be granted. This Court agrees.

Fischer's complaint clearly sets forth a negligence action alleging Northwest breached its common law duty to exercise reasonable care to its passengers. This Court must treat all well-pleaded facts as true. Under the pleaded facts, a fact finder could find that it was unreasonable for Northwest not to land its airplane at the nearest available airport. In addition, a jury could find that the airplane lacked sufficient medical equipment. Finally, a fact finder could find that Northwest unreasonably failed to contact its ground personnel to obtain medical assistance. Consequently, Northwest's motion to dismiss Count I is denied.

## CONCLUSION

Northwest's motion to dismiss Count I is denied because Fischer properly pleaded a negligence action. Counts II and III of Fischer's complaint are dismissed for failure to allege facts sufficient to establish that an "accident" caused Hawley's heart attack.

IT IS SO ORDERED.