Poovaiah **CHENDRIMADA** and Lina Chendrimada, Plaintiffs,

v.

**AIR–INDIA, Defendant.**

No. 89 Civ. 4070 (LBS).

United States District Court, S.D. New York.

Oct. 5, 1992.

Donald E. Sheil, New York City, for plaintiffs.

Marvin G. Florman, New York City, for defendant.

## OPINION

SAND, District Judge.

Defendant brings this motion for judgment on the pleadings pursuant to Rule 12(c), or alternatively, for summary judgment under Rule 56(b) dismissing the case. For the reasons stated below, the Court grants defendant's summary judgment motion in part, and denies defendant's summary judgment motion in part.

### Factual Background

The relevant facts can be summarized briefly. Plaintiffs Poovaiah and Lina Chendrimada bring this action against defendant Air India for injuries arising out of a trip from New York to Bombay, India. Plaintiffs were scheduled to fly on Air India flight 110 from New York to Delhi, India on December 23, 1988, and then on to Bombay. This flight was cancelled due to a bomb scare, and plaintiffs were rescheduled to fly to Bombay on December 24, 1988.[1]

Plaintiffs departed from New York on December 24, 1988 at approximately 8:00 p.m., and arrived at about midnight on December 25, 1988 for a scheduled stop in Delhi, India. Due to weather conditions in Delhi, specifically heavy fog, the flight to Bombay was delayed for eleven and one-half hours. Plaintiffs argue that the weather should not have grounded the plane for that long, although they suggest no other reason for the delay and do not refute defendant's contention that six other planes were also grounded due to the fog. During this delay, plaintiffs allege that they were not allowed to leave the plane to go into the terminal, nor were they given anything to eat. Defendant contends that the passengers were free to leave the plane, but that the crew advised the passengers to remain on board because conditions in the terminal were crowded, unsafe, and unsanitary due to the grounding of six other wide-bodied planes. Plaintiffs further argue that defendant's actions in keeping them on board the plane were wilful and unjustified.

Plaintiffs aver that they were physically injured by being confined on the plane for eleven and one half hours without food. Defendants argue that plaintiffs did not suffer any physical injury and plaintiffs' only injury, if any, was for emotional distress.

### Discussion

Federal Rule of Civil Procedure 56(c) provides that summary judgment is appropriate only where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. In determining whether to grant a motion for summary judgment, the Court is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The Court must view the facts in the light most favorable to the non-moving party, and must resolve all ambiguities and draw all inferences against the moving party. *Coach Leatherware Co., Inc. v. AnnTaylor, Inc.*, 933 F.2d 162, 167 (2d Cir.1991).

Before turning to the allegations of the complaint, a few preliminary remarks must be made about the nature of this type of lawsuit.

The Warsaw Convention, which defines and limits an airline passenger's rights to sue an international carrier, is a multilateral treaty to which the United States has been a signatory since 1934. *See* Convention for the Unification of Certain Rules Relating to International Transportation by

---

1. Although plaintiffs inform the Court of the first delay in their travel plans, they do not allege any injury arising from that delay.

Air, Oct. 12, 1929, 49 Stat. 3000, *reprinted in* 49 U.S.C.App. § 1502 note (1988). The purpose of the treaty is "to establish uniformity in the aviation industry with regard to 'the procedure for dealing with claims arising out of international transportation' ... [and] to limit air carriers' potential liability in the event of accidents." *In re Air Disaster at Lockerbie, Scotland,* 928 F.2d 1267, 1270 (2d Cir.1991), (quoting Lowenfield & Mendelsohn, *The United States and the Warsaw Convention,* 80 Harv.L.Rev. 497, 498–499 (1967)), *cert. denied, Rein v. Pan American World Airways, Inc.,* —— U.S. ——, 112 S.Ct. 331, 116 L.Ed.2d 272 (1991).

By its terms, the Warsaw Convention is applicable to "all international transportation of persons, baggage, or goods performed by aircraft for hire." Warsaw Convention, Article 1. Liability for personal injury to passengers is governed by Article 17 of the Convention, which reads,

> The carrier shall be liable for damage sustained in the event of the death or wounding of a passenger or any other bodily injury suffered by a passenger, if the accident which caused the damage so sustained took place on board the aircraft or in the course of any of the operations of embarking or disembarking.

A number of cases brought under the Convention and applying this provision are relevant to the resolution of the motion before the Court. They will be discussed briefly here, and then referred to further when the allegations of the complaint are addressed.

In *Lockerbie,* the Second Circuit held that the Warsaw Convention "should be interpreted as making all actions—other than those not based on the Convention—exclusive under it," 928 F.2d at 1274. This action is based on the Convention, as the parties acknowledge, because the plaintiffs claim a bodily injury on board the aircraft. Therefore, all state causes of action for that physical injury are preempted by the Convention.

Under Article 17, a passenger can recover for an injury only if that injury was caused by an "accident." The Supreme Court, in *Air France v. Saks,* 470 U.S. 392, 105 S.Ct. 1338, 84 L.Ed.2d 289 (1985), after a lengthy discussion of earlier drafts of Article 17 and of decisions by the courts of other signatory nations, defined an accident as "an unexpected or unusual event or happening that is external to the passenger", and went on to explain that "[t]his definition should be flexibly applied after assessment of all the circumstances surrounding a passenger's injuries." 470 U.S. at 405, 105 S.Ct. at 1345. We will return to the *Saks* case in regard to the second cause of action in plaintiffs' complaint.

With regard to the type of injury for which a case will lie under Article 17, the Supreme Court held in a unanimous opinion in *Eastern Airlines, Inc. v. Floyd,* —— U.S. ——, ——, 111 S.Ct. 1489, 1502, 113 L.Ed.2d 569 (1991) that "an air carrier cannot be held liable under Article 17 when an accident has not caused a passenger to suffer death, physical injury, or physical manifestation of injury." *Id.* The Court expressed "no view as to whether passengers can recover for mental injuries that are accompanied by physical injuries." *Id.* The question of whether plaintiffs have adequately alleged a physical injury is therefore of paramount importance to defendant's motion for summary judgment.

■ Finally, with regard to the type of damages available in a Warsaw Convention action, the Second Circuit has held that only compensatory damages are available, thereby precluding any claim for punitive damages. *Lockerbie,* 928 F.2d at 1288. Plaintiffs' demand for punitive damages on each cause of action is therefore invalid.

■ Turning now to the allegations of the complaint, causes of action one and four are state law causes of action under New York law for negligence and prima facie tort, respectively. Under *Lockerbie,* both these state law causes of action for physical injury are precluded by the Warsaw Convention. Defendant's motion for summary judgment with regard to causes of action one and four is granted.

■ Plaintiffs' third cause of action is for breach of contract and damages resulting from the cancellation, delay and personal injury arising out of the Air India flight. This cause of action is deficient on three grounds. First, defendant has shown as a matter of law that there was no breach of the contract. It is undisputed that the contract of carriage between plaintiffs and Air India specifically provides that

"times shown in timetables or elsewhere are not guaranteed, and form no part of the contract of carriage. Schedules are subject to change without notice. Carrier assumes no responsibility for making connections ... Carrier may, without notice cancel, terminate, divert, postpone or delay any flight ... if it would be advisable to do so ... because of any fact beyond its control (including, but without limitation, meteorological conditions ...)"

Therefore, Air India is not in breach of contract for the cancellation or delay. As regards any personal injury under this cause of action, a contract cause of action for personal injury is preempted by the Convention, *Lockerbie*. Finally, the cause of action must fail because plaintiffs do not allege any injury arising out of the alleged breach other than the personal injury; there is no allegation of any monetary loss, for example. Without an injury arising from the alleged breach, no action can lie. Defendant's motion for summary judgment is therefore granted on the third cause of action.

■ We turn to the plaintiffs' second cause of action, which forms the nub of the complaint. Preliminarily, it should be emphasized that the Court construes the complaint, briefs and accompanying affidavits liberally, resolving, as it must, any reasonable inferences in favor of the non-moving party. *Coach Leatherware Co., Inc. v. AnnTaylor, Inc.*, 933 F.2d 162, 167 (2d Cir.1991). In this regard, the Court accepts the plaintiffs' contention that a physical injury has been sufficiently alleged in the first cause of action, and that the second cause of action by its terms incorporates all the allegations of the first cause of action including the physical injury allegation. Although details of the physical injury are not set out in the complaint, plaintiff Poovaiah Chendrimada stated in an affidavit that he became weak, experienced nausea, suffered severe cramps, pain and anguish and suffered malnutrition as well as mental injury. (Chend. Aff. ¶ 10).

As discussed above, the Supreme Court held in the *Floyd* case that a passenger cannot recover for purely emotional or mental injuries absent physical injury or manifestation of physical injury. Therefore, to survive *Floyd*, plaintiffs must allege a physical injury or a manifestation of physical injury. The Court finds that plaintiffs' allegations satisfy this requirement. It should be understood that the Court is not ruling that as a matter of law being held on an airplane for over eleven hours without food is a physical injury in and of itself. If a passenger in the same position as plaintiffs had not exhibited any physical manifestation of injury as a result of being held without food, but only alleged emotional injury, no action would lie. Of course, plaintiffs must still prove their alleged physical injuries at trial to recover, but plaintiffs have demonstrated that there is a genuine issue of material fact in dispute which cannot be resolved on a motion for summary judgment. In reaching this conclusion we of course have determined that the 'manifestation of physical injury' which is a prerequisite to an action under *Floyd* need not result from a suddenly inflicted trauma, but may, as is alleged here, result from other causes for which the carrier is responsible.

The more difficult question for the Court to decide is whether plaintiffs' alleged physical injury was caused by an "accident", for without an accident, no liability arises under the Warsaw Convention.

Air India argues that there was no accident, and therefore no liability arises under the Convention for any of plaintiffs' alleged injuries. Plaintiffs do not specifically characterize the events surrounding the delay and alleged confinement without food on the plane as an "accident". The Court concludes that a genuine issue of material

fact which is dispositive as to whether an accident occurred, specifically whether plaintiffs were free to leave the plane or not, is in dispute, thus providing another ground precluding summary judgment on the second cause of action.

The Supreme Court in *Saks* defined an accident broadly as an unexpected or unusual event. In explaining its holding, the Court stated that "[a]ny injury is a product of a chain of causes, and we require only that the passenger be able to prove that some link in the chain was an unusual or unexpected event external to the passenger." 470 U.S. at 406, 105 S.Ct. at 1346.

There appear to be two links in the chain of events leading to plaintiffs' alleged physical injuries. The first is the heavy fog, which kept the plane on the ground. Meteorological conditions cannot be considered an unusual or unexpected event in plane travel. The second is plaintiffs' contention that they were kept on board the plane during the weather delay, without food, for over eleven hours.

The defendant contends that passengers were free to leave, but that passengers were advised to stay on board for health and safety reasons; furthermore, in its pretrial order, but not in its brief, defendant contends that sandwiches, snacks, tea, coffee and other beverages were served during the delay at Delhi. Plaintiffs contend that keeping them on board was unjustified.

The factual dispute regarding why plaintiffs were kept on board is immaterial, because, if the facts are as plaintiffs allege, it is the fact of being kept on board the plane without food, no matter what the reason, which is itself the "unexpected and unusual event" in the chain. Clearly, while it is not unusual for weather conditions to cause aircraft to be grounded for many hours or flights cancelled altogether, it is highly unusual to be required to stay on board a grounded plane for 11 hours.[2]

### Conclusion

The parties dispute whether plaintiffs were actually forced to stay on board the plane or were free to leave, and whether they were served food during the delay. The Court cannot therefore determine whether an accident occurred causing a physical manifestation of injury to plaintiffs. These questions of fact must be left for trial.

For the reasons stated above, defendant's motion for summary judgment is granted on the first, third and fourth causes of action, and denied on the second cause of action.

The parties are to advise the Court in writing on or before October 26, 1992 when they will be ready for trial.

SO ORDERED.

**2.** In *Margrave v. British Airways*, 643 F.Supp. 510 (S.D.N.Y.1986), plaintiff sued for the aggravation of an existing back injury which she claimed arose from sitting in a cramped position for approximately two hours during a bomb scare. The Court granted defendant's motion for summary judgment on the ground that the plaintiff had not proven that an accident had *caused* the plaintiff's injury. In the course of discussing the accident requirement, Judge Leisure stated that "extended sitting in an airplane, even in an uncomfortable position, cannot properly be characterized as the sort of 'accident' that triggers an airline's liability under the Warsaw Convention." 643 F.Supp. at 512. However, the Court found that there was an accident in the chain of events, since a bomb scare, which caused the delay, has been held to be within the term "accident".

*Margrave* is inapplicable here for two reasons. First, and most importantly, in *Margrave*, the plaintiff acknowledged that she was able to leave the plane and move about the airport terminal during the delay. Secondly, there seems, to this Court, to be a qualitative difference between sitting uncomfortably on a plane for two extra hours, and sitting uncomfortably on a plane for over eleven extra hours without food.