**Jagjit TANDON, as personal representative of Dildar Seekree, deceased, Plaintiff,**

v.

**UNITED AIR LINES, Defendant.**

No. 94 Civ. 7002 (DC).

United States District Court, S.D. New York.

Feb. 22, 1996.

Donald M. Kresge, New York City, for Plaintiff Jagjit Tandon.

Ahmuty, Demers & McManus by Robert E. Hirsch, Albertson, NY, for Defendant United Airlines, Inc.

## MEMORANDUM DECISION

CHIN, District Judge.

Plaintiff Jagjit Tandon ("Tandon" or plaintiff) brings this diversity action[1] against United Airlines, Inc. ("United Airlines" or defendant) on behalf of his deceased mother-in-law Dildar Seekree ("Mrs. Seekree") asserting claims arising out of Mrs. Seekree's death on board a United Airlines flight. United Airlines moves (i) to amend its answer to assert an affirmative defense that the action is governed by the Warsaw Convention and (ii) for summary judgment dismissing the action as time-barred under the Warsaw Convention's two-year limitations period. Because I find that the Warsaw Convention has not preempted plaintiff's claims, both motions are denied.

## BACKGROUND

On September 28, 1991 Mrs. Seekree embarked on United Airlines flight 901 from London to New York with her daughter Harjit Tandon, her son-in-law Jagjit Tandon, and the couple's two children. According to her

1. Although the complaint does not expressly state that jurisdiction is founded upon diversity of citizenship, plaintiff alleges facts supporting diversity jurisdiction: the complaint states that plaintiff is a Tennessee citizen, that defendant is a Delaware citizen, and that the amount in controversy exceeds $50,000 exclusive of interest and costs. Plaintiff apparently is asserting state common law negligence claims and is also asserting claims under the Death on the High Seas Act, 46 App.U.S.C. § 761 et seq., and general maritime law.

plane ticket, Mrs. Seekree's trip began in India, where she lived, and was to make stops in Bahrain, London, New York, and Chicago before arriving in Nashville.

While on flight 901 from London to New York, Mrs. Seekree showed signs of physical distress, such as dizziness and weakness. She began to wheeze, became pale, her extremities grew cold, and her heart rate accelerated. Jagjit Tandon, a physician,[2] diagnosed Mrs. Seekree as suffering from a heart attack and began to treat her with medication he carried with him. Tandon then asked a flight attendant to bring a portable oxygen container with an oxygen mask so that he could administer oxygen to Mrs. Seekree. The flight attendant brought the container and mask and Tandon began to administer oxygen to Mrs. Seekree, causing her condition to improve. Meanwhile, the pilot agreed to land the aircraft in Boston rather than New York so that Mrs. Seekree could be admitted to a hospital as soon as possible.

Shortly thereafter, Tandon discovered that the oxygen container was nearly empty.[3] He requested additional oxygen from a flight attendant, but was told that there was no more oxygen available to treat Mrs. Seekree. While the plane was still en route, Mrs. Seekree lost consciousness and died.

## DISCUSSION

United Airlines bases its motion for summary judgment on two grounds. First, United Airlines argues that Mrs. Seekree's death was caused by an accident covered by the Warsaw Convention[4] and that plaintiff's claims are time-barred under Article 29 of the Warsaw Convention. Second, United Airlines contends that, even if Mrs. Seekree's death was not caused by an accident, the Warsaw Convention preempts all claims arising out of international flights to which it applies so that plaintiff's state law claims are preempted. Plaintiff argues that his claims are not time-barred because Mrs. Seekree's death was not caused by an accident within the meaning of the Warsaw Convention and that his claims are not preempted because the Warsaw Convention does not preclude state law claims that do not arise under its provisions.

The Warsaw Convention establishes the liability of international air carriers for damages caused by accidents and limits carriers' liability for such damages. *See* Warsaw Convention arts. 17, 22; *Air France v. Saks*, 470 U.S. 392, 397, 105 S.Ct. 1338, 1341, 84 L.Ed.2d 289 (1985); *Rein v. Pan Amer. World Airways, Inc. (In re Air Disaster at Lockerbie, Scotland on December 21, 1988 )*, 928 F.2d 1267, 1270 (2d Cir.) *cert. denied*, 502 U.S. 920, 112 S.Ct. 331, 116 L.Ed.2d 272 (1991). The Montreal Agreement increased the amount recoverable under the Warsaw Convention to $75,000 for international flights with points of departure or destination in the United States and eliminated certain defenses. *See* Agreement Relating to Liability Limitations of the Warsaw Convention and the Hague Protocol, Agreement CAB 18900, 31 Fed.Reg. 7302 (1966), note following 49 U.S.C.App. § 1502; *Saks*, 470 U.S. at 406–07, 105 S.Ct. at 1345–46; *Lockerbie*, 928 F.2d at 1269 n. 2.

■ In addition, the Second Circuit has held that the Warsaw Convention is the exclusive basis of recovery for injuries to which it applies, so that state law claims based on such injuries are preempted. *Lockerbie*, 928 F.2d at 1273; *see* Warsaw Convention art. 24.

The parties do not dispute that Mrs. Seekree's trip constituted international transportation governed by the Warsaw Convention. The parties do disagree, however, on the question of whether Mrs. Seekree's death was caused by an "accident" within the meaning of the Warsaw Convention. If her

---

2. Both Harjit Tandon and her husband are physicians.

3. Tandon later noticed that a tag attached to the oxygen container read "Ex" or "Exper" 791, which he understood to indicate an expiration date of July 1991, two months before the incident on flight 901.

4. Convention for the Unification of Certain Rules Relating to International Transportation by Air, Oct. 12, 1929, 49 Stat. 3000, T.S. No. 876 (1934), note following 49 U.S.C.App. § 1502.

death did arise out of such an accident, as United Airlines contends, the Warsaw Convention is the exclusive basis for plaintiff's claims under *Lockerbie* and, as conceded by plaintiff, the claims are time-barred under the Warsaw Convention's two-year limitations period. *See* Warsaw Convention art. 29 ("The right to damages shall be extinguished if an action is not brought within 2 years, reckoned from the date of arrival at the destination, or from the date on which the aircraft ought to have arrived, or from the date on which the transportation stopped."). The parties also dispute the preemptive effect of the Warsaw Convention on state law claims for injuries that do not arise out of Warsaw Convention accidents. For the reasons set forth below, I conclude that neither Mrs. Seekree's heart attack nor United Airlines' alleged failure to provide additional oxygen constitutes an accident within the meaning of the Warsaw Convention, and that plaintiff's common law negligence claims are not preempted. Accordingly, defendant's motion for summary judgment is denied.

### A. Accidents Governed by the Warsaw Convention

In *Air France v. Saks* the Supreme Court construed the term "accident" as used in Article 17[5] of the Warsaw Convention to mean "an unexpected or unusual event or happening that is external to the passenger." 470 U.S. at 405, 105 S.Ct. at 1345. Applying this definition, the Court held that deafness caused by normal cabin pressure changes during routine landing descent did not arise out of an accident covered by the Warsaw Convention. 470 U.S. at 396, 406, 105 S.Ct. at 1340, 1345. Here, as there is no contention that any unusual, external event triggered Mrs. Seekree's heart attack, it is clear that the heart attack itself was not caused by an accident.

United Airlines concedes that a heart attack suffered on an airplane would generally not constitute an accident, but contends that the alleged failure to provide adequate oxygen and other medical supplies constitutes an accident, as it was an unusual or unexpected event external to Mrs. Seekree.

Although the definition of accident set forth in *Saks* is to be construed flexibly and a passenger need only prove "that some link in the [causal] chain was an unusual or unexpected event external to the passenger," 470 U.S. at 405, 406, 105 S.Ct. at 1346, courts have held that death caused by a heart attack suffered on a normal flight did not arise from a Warsaw Convention accident even if alleged negligence on the part of airline staff was a link in the chain of causation. *See, e.g., Fischer v. Northwest Airlines, Inc.,* 623 F.Supp. 1064, 1065 (N.D.Ill.1985) (failure to treat passenger suffering heart attack was not accident for which liability could be imposed under Warsaw Convention); *Northern Trust Co. v. American Airlines, Inc.,* 142 Ill.App.3d 21, 96 Ill.Dec. 371, 376, 491 N.E.2d 417, 422 (1986) (heart attack caused by passenger's ill health was not an accident within meaning of Warsaw Convention); *cf. Walker v. Eastern Air Lines, Inc.,* 775 F.Supp. 111, 114 (S.D.N.Y.1991), *reargument denied,* 785 F.Supp. 1168 (S.D.N.Y.1992) (parties agreed that death caused by asthma attack did not arise from an accident); *Abramson v. Japan Airlines Co.,* 739 F.2d 130, 133 (3d Cir.1984) (pre-*Saks* case in which court held that airline's failure to aid passenger suffering hernia attack during normal flight was not an accident), *cert. denied,* 470 U.S. 1059, 105 S.Ct. 1776, 84 L.Ed.2d 835 (1985). *But see Seguritan v. Northwest Airlines, Inc.,* 86 A.D.2d 658, 446 N.Y.S.2d 397, 398–99 (N.Y.App.Div.) (holding that failure to aid passenger suffering heart attack was an accident, and as complaint was served more than two years after plane arrived at destination, claim was time-barred), *aff'd,* 57 N.Y.2d 767, 454 N.Y.S.2d 991, 440 N.E.2d 1339 (1982). I conclude that the failure to provide adequate medical care to a heart attack victim is not

---

5. Article 17 of the Warsaw Convention, which deals with liability for injury to passengers, provides that:

> The carrier shall be liable for damage sustained in the event of the death or wounding of a passenger or any other bodily injury suffered by a passenger, if the accident which caused the damage so sustained took place on board the aircraft or in the course of any of the operations of embarking or disembarking.

Warsaw Convention art. 17.

the type of external, unusual event for which liability is imposed under the Warsaw Convention.[6] Accordingly, defendant's motion for summary judgment on the grounds that the claims arose from an "accident" and are time-barred under the Warsaw Convention is denied.

## B. *Preemption of State Law Claims*

■ United Airlines also argues that plaintiff's common law claims must be dismissed because the Warsaw Convention is the "sole basis of recovery available to a passenger injured while travelling pursuant to a contract of international carriage." Def. Mem. at 6, Point II. Thus, defendant contends that the Warsaw Convention preempts *all* claims seeking recovery for injuries sustained on international flights, whether or not the injury was caused by an "accident" covered by the Warsaw Convention. In essence, defendant argues that passengers who sustain injuries on international flights other than by accidental means may not seek relief from the airline involved, even if the airline was negligent.

The Supreme Court has not yet decided whether a plaintiff may assert state law claims for injuries that are sustained on an international flight but are not caused by an accident, and, hence, are not covered by the Warsaw Convention's liability provision. *See Saks*, 470 U.S. at 408, 105 S.Ct. at 1346 (declining to express view on viability of state law claims where injury was not caused by an accident). Nor has the Second Circuit addressed this precise issue, although it has indicated that the Warsaw Convention does not preclude such claims. *See Lockerbie*, 928 F.2d at 1273 (holding that Warsaw Convention is exclusive remedy for claims arising under its provisions, but recognizing that a plaintiff may bring "a state cause of action when the claim does not arise under the Warsaw Convention....").

Courts addressing the issue have held that, although the Warsaw Convention preempts state law claims falling within its scope, it does not preempt claims that are not covered by its provisions. *See Abramson*, 739 F.2d at 134; *Walker*, 775 F.Supp. at 115–16 ("The overwhelming consensus of the courts that have addressed the issue is that an airline passenger may institute a claim under state law for death or injury sustained on an international flight when an accident is not involved."); *Fischer*, 623 F.Supp. at 1066 (after finding that neither heart attack nor airline's failure to provide treatment was accident within meaning of Warsaw Convention, court denied motion to dismiss common law negligence claim); *Fischer v. Northwest Airlines, Inc.*, No. 85 C 08432, 1990 WL 139271, at *2 (N.D.Ill.1990) (only those claims falling within scope of Warsaw Convention are preempted); *see also Husserl v. Swiss Air Transport Co.*, 351 F.Supp. 702, 706 (S.D.N.Y.1972) ("[I]f the Convention 'applies,' it applies to limit—not eliminate—liability; if it does not apply, it leaves liability to be established according to traditional common law rules."), *aff'd*, 485 F.2d 1240 (2d Cir.1973). *But see Chendrimada v. Air–India*, 802 F.Supp. 1089, 1091 (S.D.N.Y.1992).

Addressing the issue in a factual situation similar to the instant case, the court in *Walker* rejected the argument that the Warsaw Convention preempts state law claims that do not arise out of accidents covered by its liability provision. 775 F.Supp. at 116. As Judge Leisure reasoned, "the mere fact that a passenger was travelling on an international air flight does not mean that every claim the passenger might have against the air carrier for death or bodily injury is preempted by the Warsaw Convention; rather, only those claims that fall within the scope of the Convention are preempted." *Walker*, 775 F.Supp. at 115. Logic and fairness support this result, as a contrary rule would shield airlines from liability for negligence that does not involve an accident. It is highly doubtful that the drafters of the Warsaw Convention intended such a far-reaching limitation of liability. *See Walker*, 785 F.Supp. at 1171–72

---

6. Moreover, summary judgment is not appropriate where it is unclear whether the injury was caused by an accident within the meaning of the Warsaw Convention. *See Saks*, 470 U.S. at 405, 105 S.Ct. at 1345 ("In cases where there is contradictory evidence, it is for the trier of fact to decide whether an 'accident' as here defined caused the passenger's injury.") (citation omitted).

(main purpose of Warsaw Convention was to limit carriers' liability arising out of airplane crashes). Accordingly, I conclude that plaintiff's state law claims are not preempted by the Warsaw Convention.

## CONCLUSION

For the reasons set forth ·above, United Airlines' motion for summary judgment is denied. United Airlines' motion for leave to amend its answer to assert the Warsaw Convention defense is denied on the grounds of futility. *See Ruffolo v. Oppenheimer & Co.,* 987 F.2d 129, 131 (2d Cir.1993) (leave to amend pleadings may be denied where amendment "is unlikely to be productive") (*citing Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962)); *Posadas de Mexico, S.A. de C.V. v. Dukes,* 757 F.Supp. 297, 302 (S.D.N.Y.1991) (denying motion for leave to amend answer to assert affirmative defense where such amendment would be "a futile endeavor").

SO ORDERED.