Penina FISHMAN, an infant by her mother, and natural guardian, Michelle FISHMAN, and Michelle Fishman, individually, Plaintiffs,

v.

DELTA AIR LINES, INC., Defendant.

No. 96 Civ. 1296 (MGC).

United States District Court,
S.D. New York.

Sept. 12, 1996.

Carole A. Burns & Associates by Elliot B. Pasik, Mineola, New York, for Plaintiffs.

McKeegan and McShane, P.C. by George P. McKeegan, New York City, for Defendant.

### MEMORANDUM OPINION AND ORDER

CEDARBAUM, District Judge.

This action arises out of an incident aboard a Delta Airlines, Inc. flight from Tel Aviv to New York City in which a flight attendant spilled scalding water on Penina Fishman, a minor. Two issues are presented on this motion: (1) whether the injuries alleged were caused by an "accident" within the meaning of the Warsaw Convention, thus preempting claims asserted under state law; and (2) whether the time limitation for bringing a suit under the Warsaw Convention should be tolled during Penina's infancy.

On Penina's behalf, her mother, Michelle Fishman, asserts a claim pursuant to Article 17 of the Convention for the Unification of Certain Rules Relating to International Transportation by Air, October 12, 1929, 49 Stat. 3000, T.S. 876 (1934), *reprinted at* 49 U.S.C. § 40105 note (1994) ("Warsaw Convention"), as well as claims under New York State law for negligence and intentional denial of medical treatment. On her own behalf, Fishman asserts claims under New York State law for negligent and intentional infliction of emotional distress, and for loss of

services and medical expenses. Delta has moved to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(5) on the grounds that Fishman failed to sue within two years after she and Penina arrived in New York, a condition precedent to suit under the Warsaw Convention, and that the state law claims are preempted by the Warsaw Convention. For the reasons that follow, Delta's motion is granted.

### Background

On November 9, 1993, Michelle and Penina Fishman were passengers on a Delta flight from Tel Aviv to New York City, with a stopover in Paris. (Am.Compl. ¶ 9.) While the plane was descending in preparation for landing in Paris, Penina experienced pain in her right ear. (*Id.* ¶ 10.) A flight attendant placed a hot cloth, cup and water near Penina's right ear causing her to be burned. (*Id.* ¶ 11.) According to the complaint, the flight attendant did not alert Michelle to Penina's injury, and Michelle did not discover the injury until after the plane had landed in Paris. (*Id.* ¶¶ 13, 14.) The flight attendant failed to provide first aid, even after Michelle requested it. (*Id.* ¶¶ 13, 15–16.) After repeated requests from Michelle, Delta arranged for Penina to receive medical treatment at Orly Airport in Paris. (*Id.* ¶ 19.) The Fishmans arrived in New York City on November 9, 1993. (Decl. of Howard K. Fishman ¶ 2.) Plaintiff did not file the complaint until February 22, 1996.

### Discussion

■ The Second Circuit has held that state law claims are preempted when they fall within the scope of the Warsaw Convention. *In re Air Disaster at Lockerbie, Scotland,* 928 F.2d 1267, 1273 (2d Cir.), *cert. denied,* 502 U.S. 920, 112 S.Ct. 331, 116 L.Ed.2d 272 (1991). Article 17 of the Warsaw Convention provides:

The carrier shall be liable for damage sustained in the event of the death or wounding of a passenger or any other bodily injury suffered by a passenger, if the *accident* which caused the damage so sustained took place on board the aircraft or

in the course of any of the operations of embarking or disembarking.

49 U.S.C. § 40105 note (emphasis added). The Supreme Court has held that a claim falls within the scope of Article 17 of the Warsaw Convention if "[the] passenger's injury is caused by an unexpected or unusual event or happening *that is external to the passenger." Air France v. Saks,* 470 U.S. 392, 405, 105 S.Ct. 1338, 1345, 84 L.Ed.2d 289, 300 (1985) (emphasis added).

Fishman argues that Delta's failure to provide Penina with prompt medical care was not an "accident" within the meaning of the Warsaw Convention. She contends that this case is analogous to cases in which courts have held that the conduct of an airline which exacerbated a passenger's pre-existing physical condition was not an "accident." *See, e.g., Abramson v. Japan Airlines Co.,* 739 F.2d 130, 133 (3d Cir.1984) (pre-existing paraesophageal hiatal hernia); *Tandon v. United Air Lines,* 926 F.Supp. 366, 369–70 (S.D.N.Y. 1996) (heart attack); *Fischer v. Northwest Airlines, Inc.,* 623 F.Supp. 1064, 1065 (N.D.Ill.1985) (heart attack); *cf. Walker v. Eastern Air Lines, Inc.,* 775 F.Supp. 111, 114 (S.D.N.Y.1991), *reargument denied,* 785 F.Supp. 1168 (S.D.N.Y.1992) (parties agreed that death caused by congenital asthmatic condition did not arise from an "accident").

In making this argument Fishman ignores the fact that Penina had no pre-existing condition and that the grievances of both mother and child arise from the accidental burning of Penina by a flight attendant. It is not the theory of recovery, but the facts that control. The underpinning of the claims of both mother and child is the scalding of Penina by a flight attendant, an unexpected event that was external to both Fishmans. The precipitating cause, the "accident," cannot be artificially separated from its results as Fishman attempts to do in order to avoid the Warsaw Convention. Because Penina's injuries and Michelle's were caused by an "accident" within the meaning of the Warsaw Convention, the Convention provides the exclusive remedy and the state law claims are preempted. *Cf. Adler v. Malev Hungarian Airlines,* No. 89 Civ. 8252 (WCC), 1992 WL 15144 (S.D.N.Y. Jan. 23, 1992) (Accident which caused psychological injury without bodily injury covered by Warsaw Convention. Even though such injury is not compensable under Article 17, state law claims preempted.).

■ Delta argues that in order to assert a claim under the Warsaw Convention, Fishman had to bring suit within two years of the date on which she and Penina arrived in New York. Article 29 of the Warsaw Convention provides:

(1) The right to damages shall be extinguished if an action is not brought within 2 years, reckoned from the date of arrival at the destination, or from the date on which the aircraft ought to have arrived, or from the date on which the transportation stopped.

(2) The method of calculating the period of limitation shall be determined by the law of the court to which the case is submitted.

49 U.S.C. § 40105 note.

Fishman argues that the two-year time limitation in Article 29(1) is a statute of limitations that was tolled during Penina's infancy in accordance with N.Y.Civ.Prac.L. & R. § 208 (McKinney 1990). This argument only applies to Penina's claim under the Warsaw Convention. Fishman has presented no authority that the statute of limitations for the claims she brings on her own behalf would be tolled during Penina's infancy. Delta argues that the two-year time limitation is a condition precedent to bringing suit under the Warsaw Convention and is not subject to tolling under the law of the forum court.

■ Interpretation of the Warsaw Convention must begin with the literal language. If the language is reasonably susceptible of only one interpretation, the task ends there. Traditional methods of interpretation should be applied only when the text of the treaty is unclear. *Tai Ping Ins. Co. v. Northwest Airlines, Inc.,* 94 F.3d 29, 31 (2d Cir.1996). Because the language of Article 29 is reasonably susceptible to the conflicting interpretations put forth by the parties, it is appropriate to turn to the negotiating history of the treaty.

The minutes of the negotiating sessions show that the delegates to the Warsaw Convention rejected a proposed provision that would have allowed the two-year time limitation to be tolled according to the law of the forum court. Article 28 (later Article 29) of the preliminary draft of the Convention presented to the delegates in Warsaw provided:

The liability action shall be instituted within a period of two years counted from the arrival at the destination or from the date on which carriage stopped.

The method of calculating the period of limitation, as well as the causes of suspension and interruption of the period of limitation, shall be determined by the law of the court having taken jurisdiction.

Minutes of the Second International Conference on Private Aeronautical Law 267 (Robert C. Horner & Didier Legrez trans., 1975) ("Minutes").

The Italian delegation proposed amending paragraph one to substitute a period of forfeiture for the period of limitation. *Id.* 309–10. In introducing the Italian proposal, Mr. De Vos, the reporter for the conference, stated:

This amendment returns a little to the discussion which we have just had. It's a question of facilitating the task of the carrier, that is to say, to put aside protest which could arise after too long a time.

The proposal of the Italian Delegation consists in letting Article 28 fall, and in replacing it by a plea in bar; that is to say, that after two years any action dies and is no longer admissible.

*Id.* 110. Amedeo Giannini, the head of the Italian delegation, commented:

The spirit of the proposal is the following. Given the application of the *lex loci*, what's going to happen? The period of time, in order that there be interruption of the period of limitation, varies with the country, and it is very difficult for the shipper, the consignor to know when the interruption or the suspension beings....

... [T]he system which we have proposed becomes very simple; if two years after the accident no action has been brought, all actions are extinguished.

*Id.* 110–11. The Italian proposal was adopted. *Id.* 113.

Clearly, it was the desire of the delegates "to remove those actions governed by the Warsaw Convention from the uncertainty which would attach were they to be subjected to the various tolling provisions of the laws of the member states." *Kahn v. Trans World Airlines, Inc.,* 82 A.D.2d 696, 709, 443 N.Y.S.2d 79, 87 (App.Div. 2d Dep't 1981); *See also Royal Ins. Co. v. Emery Air Freight Corp.,* 834 F.Supp. 633 (S.D.N.Y.1993); *Data General Corp. v. Air Express Int'l Co.,* 676 F.Supp. 538 (S.D.N.Y.1988); *Split End Ltd. v. Dimerco Express (Phils) Inc.,* No. 85 Civ. 1506 (RLC), 1986 WL 2199 (S.D.N.Y. Feb. 11, 1986); *Magnus Electronics, Inc. v. Royal Bank of Canada,* 611 F.Supp. 436 (N.D.Ill. 1985); *Darghouth v. Swiss Air Trans. Co.,* 18 Av.Cas. (CCH) ¶ 18,536 (D.D.C.1984).

The minutes of the negotiating sessions also show that the purpose of Article 29(2) is to allow courts to determine in accordance with local law when an action has been "brought" in order to measure the two years set by Article 29(1). Georges Ripert, one of the French delegates, supported the Italian proposal but noted that it was "aimed, in the final analysis, only at the causes of suspension of the period of limitation, which must disappear." Minutes 111. He noted that, "it's the law of the forum court which will fix how, within the period of two years, the court will be seized, because in all the countries of the world suits are not brought in the same way." *Id.* At a later session, Mr. De Vos stated that the second paragraph of Article 29 would be retained to indicate that "the law of the court having jurisdiction, ..., determines the moment when the action begins." *Id.* 171.

Fishman relies on two cases which reached a different conclusion. In *Joseph v. Syrian Arab Airlines,* 88 F.R.D. 530 (S.D.N.Y.1980), the court held that whenever a state law would toll a state statute of limitations, the two-year time limitation under the Warsaw Convention is tolled as well. *Joseph* cited *Flanagan v. McDonnell Douglas Corp.,* 428 F.Supp. 770 (C.D.Calf.1977), a class action brought under California's wrongful death

statute. *Flanagan* held that Article 29(2) adopts the forum court's method of calculating statutes of limitations and concluded that California's one-year statute of limitations was tolled pending class action certification. *Id.* at 776. *See also Delaney v. Aer Lingus Irish Airlines,* 16 Av.Cas. (CCH) ¶ 17,725 (S.D.N.Y.1981) (citing *Joseph* and *Flanagan*).

 Neither *Joseph* nor *Flanagan* consulted the history of the Warsaw Convention. Moreover, the conclusion reached by these courts is contrary to one of the purposes of the Convention—"to establish uniformity in the aviation industry with regard to 'the procedure for dealing with claims arising out of international transportation and the substantive law applicable to such claims.'" *In re Lockerbie,* 928 F.2d at 1270 (citing Lowenfeld & Mendelsohn, The United States and the Warsaw Convention, 80 Harv.L.Rev. 497, 498–99 (1967)).

### Conclusion

For the foregoing reasons, all of the claims in this case are governed by the Warsaw Convention and are time-barred by that treaty. Accordingly, Delta's motion to dismiss the complaint is granted.

SO ORDERED.